Eugene R. ORNER, Plaintiff–Appellant,

v.

Donna E. SHALALA, Secretary of the United States Department of Health & Human Services, Defendant–Appellee.

No. 93–1400.

United States Court of Appeals, Tenth Circuit.

July 19, 1994.

Frederick W. Newall, Colorado Springs, CO, for plaintiff-appellant.

James R. Allison, Interim U.S. Atty., Stephen D. Taylor, Asst. U.S. Atty., Denver, CO (Randolph W. Gaines, Acting Chief Counsel for Social Security, John M. Sacchetti, Chief, Retirement, Survivors and Supplemental Assistance Litigation Branch, Ira E. Ziporkin, Attorney, Office of the General Counsel, U.S. Dept. of Health and Human Services, of counsel), for defendant-appellee.

Before ANDERSON and KELLY, Circuit Judges, and LUNGSTRUM,* District Judge.

PAUL KELLY, Jr., Circuit Judge.

Plaintiff appeals [1] from a district court order granting the Secretary's motion under Fed.R.Civ.P. 60(b) to amend a prior order that mistakenly awarded plaintiff $18,159.82 in attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). The amendment deleted all references to the EAJA and provided, instead, that the fees were awarded pursuant to 42 U.S.C. § 406(b). Fees under § 406(b) satisfy a client's obligation to counsel and, therefore, are paid out of the plaintiff's social security benefits, while fees under the EAJA penalize the Secretary for assuming an unjustified legal position and, accordingly, are paid out of agency funds. Thus, the amendment in question effectively returned the $18,159.82 erroneously awarded plaintiff back to the Secretary.

The following events are essential to a proper understanding of the issues raised by this appeal:

(1) July 23, 1992. Judgment is entered on the parties' stipulation to a period of disability commencing February 15, 1977.

(2) August 10, 1992. Plaintiff moves for fees under the EAJA.

(3) August 28, 1992. The district court enters judgment on the parties' stipulation to an EAJA fee award of $4,000.

(4) December 2, 1992. Plaintiff moves for approval of an $18,159.82 fee under 20 C.F.R. § 404.1728 (i.e., 42 U.S.C. § 406(b)). The Secretary is given until December 15 to respond to the motion, but does not oppose it.

(5) December 23, 1992. The district court enters judgment on plaintiff's unopposed motion, but inexplicably awards the requested fee under the EAJA.

(6) June 18, 1993. The Secretary moves to amend the December 23, 1992 judgment, generally citing Rule 60(b).

(7) August 10, 1993. Relying on Rule 60(b)(1), the district court enters an amended judgment, over plaintiff's objection, identifying § 406(b) as the proper basis for the $18,159.82 fee awarded December 23, 1992.

■ The district court's final order amending judgment in favor of the Secretary consists of a frank acknowledgment that the court had made a mistake and the legal conclusion that the error was correctable under Rule 60(b)(1). *See* App. at 196–97. We review this decision for an abuse of discretion. *United States v. 31.63 Acres of Land,* 840 F.2d 760, 761 (10th Cir.1988); *see also Johnston v. Cigna Corp.,* 14 F.3d 486, 497 (10th Cir.1993). "A district court would necessarily abuse its discretion if it based its ruling [under Rule 60(b)] on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Lyons v. Jefferson Bank & Trust,* 994 F.2d 716, 727 (10th Cir.1993) (quoting *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 2461, 110 L.Ed.2d 359 (1990)).

■ Plaintiff argues that, under this circuit's case law, the Secretary's motion was untimely with respect to Rule 60(b)(1). We agree. This court has held, without qualification, that "a mistake of law cannot be reached under [Rule] 60(b)(1) where [as here] no notice of appeal was timely filed from the order in which the mistake is alleged to have occurred, and the time for filing such a notice of appeal had expired

---

* Honorable John W. Lungstrum, District Judge, United States District Court for the District of Kansas, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

when the [Rule] 60(b) motion was filed." *Morris v. Adams–Millis Corp.,* 758 F.2d 1352, 1358 (10th Cir.1985); *see also Van Skiver v. United States,* 952 F.2d 1241, 1244 (10th Cir.1991), *cert. denied,* —— U.S. ——, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992). Consequently, Rule 60(b)(1) was not available to the district court as a basis upon which to grant the Secretary discretionary relief from its judgment regarding EAJA fees.

■ That conclusion does not end our inquiry, however, as we may affirm challenged decisions of the district court on alternative grounds, so long as the record is sufficient to permit conclusions of law. *United States v. Roederer,* 11 F.3d 973, 977 (10th Cir.1993). We recognize that the assessment of a motion for relief from judgment under the various subsections of Rule 60(b) is committed, in the first instance, to the discretion of the district court. Thus, a remand would be the usual disposition following appellate detection of error with respect to any one particular basis for granting such relief. However, as explained below, "remanding on the basis of [the court's] legal error [granting relief under Rule 60(b)(1) ] would be pointless, because it would have been an abuse of discretion for the trial court to [rule otherwise] under Rule 60(b)[ (4) ]." *Lyons,* 994 F.2d at 729.

■ Unlike its counterparts, Rule 60(b)(4), which provides relief from void judgments, "is not subject to any time limitation." *V.T.A., Inc. v. Airco, Inc.,* 597 F.2d 220, 224 n. 9 and accompanying text (10th Cir.1979) ("if a judgment is void, it is a nullity from the outset and any 60(b)(4) motion for relief is therefore filed within a reasonable time"); *see also Venable v. Haislip,* 721 F.2d 297, 299–300 (10th Cir.1983). Furthermore, when Rule 60(b)(4) is applicable, "relief is not a discretionary matter; it is mandatory." *V.T.A., Inc.,* 597 F.2d at 224 n. 8; *see also Venable,* 721 F.2d at 300.

■ This court has indicated on a number of occasions that a judgment may be void for purposes of Rule 60(b)(4) if entered in a manner inconsistent with due process. *See, e.g., V.T.A., Inc.,* 597 F.2d at 224–25; *Arthur Andersen & Co. v. Ohio (In re Four Seasons*

*Sec. Laws Litig.),* 502 F.2d 834, 842 (10th Cir.), *cert. denied,* 419 U.S. 1034, 95 S.Ct. 516, 42 L.Ed.2d 309 (1974). We ultimately rejected the due process arguments asserted in the cited cases because fundamental procedural prerequisites—particularly, adequate notice and opportunity to be heard—were fully satisfied. Here, in contrast, the Secretary was not given any notice that her EAJA liability, already resolved by stipulated order, would be redetermined in the proceeding on plaintiff's second motion for attorney fees and, given plaintiff's express reliance on § 406(b), had no reason whatsoever to anticipate this development. Accordingly, the Secretary did not oppose the motion, which to all appearances was primarily a matter between plaintiff and counsel. Under the circumstances, entry of the resultant order under the EAJA, which everyone involved concedes was an improbable mistake, cannot be deemed consistent with due process. Therefore, relief was not only appropriate but mandatory under Rule 60(b)(4).

■ We are very troubled by the conduct of plaintiff and plaintiff's counsel, who were willing to accept the fruits of the district court's obviously mistaken and unlawful EAJA order and, since discovery of the error, have doggedly opposed its correction. Moreover, plaintiff's position that due process was satisfied because the Secretary "had notice that attorney's fees were at issue [prior to the December 23, 1993 award]," Appellant's Reply Brief at 5, is patently disingenuous and misleading. The only pertinent question is whether the Secretary had notice that *EAJA* fees were—or even possibly could have been—at issue, and the circumstances recited above demonstrate she clearly did not. Finally, plaintiff defends his self-aggrandizing exploitation of an obvious judicial mistake with an audacious non-sequiter: the "equities" are somehow in *his* favor as he lays claim to funds rightfully belonging to the public fisc, because his underlying disability (for which the government pays him benefits) arose out of a service-related injury, *see* Appellant's Brief at 11. Only the provisions of Fed.R.App.P. 39(b) and the strictures of due process, *see Braley v. Campbell,* 832 F.2d 1504, 1515 (10th Cir.1987), restrain us from

awarding the Secretary her costs on this appeal.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.