**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 23 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SAM J. WALTERS, D.C.,

    Plaintiff/Counter-
    Defendant/Appellant,

v.

MONARCH LIFE INSURANCE
COMPANY,

    Defendant/Counter-
    Claimant/Appellee.

No. 96-3296
(D.C. No. D.C. No. 91-2396-GTV)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **HOLLOWAY**, and **EBEL**, Circuit Judges.

Following a jury trial at which he recovered $44,000 on a breach of contract claim arising from a disability insurance policy issued by Monarch Life Insurance Co., Sam J. Walters filed a motion for reinstatement to his rights under the policy, which Monarch had previously terminated. The district court denied that motion, concluding that the jury verdict indicated that Walters had not been disabled for the full period for which he

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

claimed coverage, and thus that he was not entitled to reinstatement. After an unsuccessful appeal on other grounds, Walters filed in the district court a motion under Fed. R. Civ. P. 60(b) for a declaration that his insurance coverage had not lapsed. The district court concluded that, under the law of the case, that issue was governed by its prior ruling that Walters was not entitled to reinstatement, and accordingly denied the motion. Walters now appeals. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

## BACKGROUND

The factual background of this case is discussed in our published opinion concerning Walters' prior appeal. See Walters v. Monarch Life Ins. Co., 57 F.3d 899, 901 (10th Cir. 1995). In brief, Walters was insured under a disability insurance policy issued by Monarch. (Aplt. App. at 629-34, 652-55.) Walters claimed a disability under the policy after a parasailing accident that occurred in June 1988. (Id. at 707-12.) Monarch paid benefits on that claim for almost three years, and waived policy premiums during this time as well. (Id. at 660.) However, Monarch terminated these benefits in September 1991 after determining that Walters was not disabled and had not been for a substantial period of time. (Id. at 42.) At this time, Monarch also informed Walters that it was removing the premium waiver. (Id. at 660.)

Walters then sued Monarch in state court, and Monarch removed the action to federal court. Monarch also filed counter-claims for the return of benefits paid, alleging that Walters had fraudulently filed his disability claims. After a three-week jury trial, the

jury awarded Walters $44,066.43 in damages, an amount representing about 25% of the total benefits Monarch would owe Walters were he totally disabled for the entire time period. (Id. at 192-93.)

The procedural background of the issue before us is somewhat more complicated. Walters filed three post-trial motions. First, Walters filed a "Motion to Correct Entry of Judgment" under Fed. R. Civ. P. 60(a), claiming that his rights under the disability policy should be reinstated. (Id. at 197-200.) The district court ruled that a motion under Rule 60(a) was not a proper procedure for addressing substantive concerns about the jury verdict, but invited Walters to seek equitable relief on that issue if he so desired. (Id. at 217-18.) Walters did not appeal that decision.

Walters next filed a "Motion for Judgment as a Matter of Law," claiming that the $44,000 verdict was inconsistent with the evidence, as Walters had claimed he was entitled to $176,265.72 in damages. (Aplee. App. at 1-13.) The district court denied that motion, ruling that the jury verdict was consistent with the evidence, as the jury could have concluded that Walters was only disabled for a portion of the time period during which he claimed disability. (Aplt. App. at 216.) We affirmed that decision on appeal. Walters, 57 F.3d at 905.

Finally, on July 29, 1993, Walters filed a motion for reinstatement of his rights under the Monarch disability insurance policy. (Aplt. App. at 223-50.) In an order dated April 4, 1994, the district court denied that motion, concluding that Walters was not

- 3 -

entitled to reinstatement because the jury verdict for less than the full amount claimed

indicated that Walters had not proved he was disabled for the entire time period at issue,

and thus that Walters was not entitled to the remedy of reinstatement. (Id. at 294-98.) On

April 14, 1994, Walters filed a notice of cross-appeal on this issue.[1] (Id. at 298A)

Oral argument on Monarch's appeal and Walters' cross-appeal was held on March

3, 1995. Walters never briefed the reinstatement issue in connection with that appeal, and

never alerted this court to the district court's April 4, 1994 ruling on his motion for

reinstatement. On June 6, 1995, we issued an opinion affirming the district court

judgment in all respects. We denied Walters' motion for rehearing on the reinstatement

issue, concluding that Walters had failed to bring the relevant district court order to this

court's attention. (Id. at 593.)

Following our decision on appeal, Monarch filed in the district court a "Motion for

Declaratory Ruling that Plaintiff's Disability Insurance Policy Has Lapsed for Non-

Payment of Premiums." (Aplee. Supp. App. at 15-38.) Walters then filed a "Cross-

Motion for Declaratory Ruling that Plaintiff's Disability Insurance Policy Has Not Lapsed

---

[1]Monarch had filed its notice of appeal from the jury verdict on July 26, 1993 (Aplt. App. at 221), and Walters had filed his first notice of cross-appeal on August 9, 1993, (id. at 292). Following the district court's ruling on the reinstatement issue, Monarch filed a second notice of appeal on April 29, 1994, to avoid any argument that its first notice of appeal was premature. (Id. at 298C.) In an order dated June 3, 1993, this court consolidated all four appellate docket numbers issued in response to the various notices of appeal. (Id. at 298G.)

for Non-Payment of Premiums." (Aplt. App. at 323-29.) The district court denied both motions in an order issued on August 5, 1996. (Id. at 341-46.)

Neither party stated a procedural basis for the declaratory rulings sought; however, the district court treated the motions as filed under Fed. R. Civ. P. 60(b) for relief from judgment.[2] The district court ruled that the issue of lapse was determined in its April 4, 1994, ruling on Walters' motion for reinstatement, and that any further consideration of the issue was barred under the law of the case doctrine. Accordingly, the court denied both motions. Walters now appeals.

## DISCUSSION

### Standard of Review

We review the district court decision not to grant relief under Fed. R. Civ. P. 60(b) for abuse of discretion. See Orner v. Shalala, 30 F.3d 1307, 1309 (10th Cir. 1994). However, "'[a] district court would necessarily abuse its discretion if it based its ruling (under Rule 60(b)) on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'" Id. (quoting Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 727 (10th Cir. 1993), quoting in turn Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990)). The issue of whether the law of the case doctrine bars reconsideration of the status of

---

[2]Walters does not argue that the district court erred in treating his motion as a Fed. R. Civ. P. 60(b) motion. (Aplt.'s Br. at 8.)

Walters' insurance policy is a question of law. See Wilmer v. Board of Cty. Comm'rs, 69 F.3d 406, 409 (10th Cir. 1995).

## I.

### Walters' Reinstatement Claim

The district court properly denied Walters' request for relief under Fed. R. Civ. P. 60(b). Among the grounds upon which a party may obtain relief under Rule 60(b) are "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), and "any other reason justifying relief from the operation of the judgment," id. 60(b)(6). The district court need not specify which clause of Rule 60(b) serves as the basis for its decision, see Pelican Production Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir. 1990), and in this case the district court did not specify which clause Walters' motion was based on, (Aplt. App. (D. Ct. Order) at 345). Rather, the court concluded that, regardless of which clause Walters' claim was based on, the claim was barred by the law of the case doctrine. (Id. at 345-46.) We agree.

In his Rule 60(b) motion, Walters sought a declaration that his insurance policy had not lapsed. However, the district court had previously ruled in its April 4, 1994 order that Walters was not entitled to reinstatement of the policy. (Id. at 297-98.) Walters filed a notice of appeal from that ruling, but never briefed or argued the issue to this court. As we noted in denying Walters' petition for rehearing, Walters thus forfeited his right to appellate consideration of the reinstatement issue. (Id. at 593.) In its April 4, 1994 order,

- 6 -

the district court determined that the jury had not found that Walters was disabled for the entire time period at issue, and thus that he was not entitled to reinstatement. The issue of whether Walters' policy lapsed also turns on whether he was disabled for the entire time period at issue. Accordingly, the district court properly concluded that the law of the case doctrine prevented Walters from relitigating the issue of whether he was still entitled to the benefits of his insurance policy. See Pittsburg & Midway Coal Mining Co. v. Watchman, 52 F.3d 1531, 1536 n.4 (10th Cir. 1995) (holding that the law of the case doctrine "prevent[s] the relitigation of [issues] in subsequent proceedings in the same case" except in rare cases).

Walters now argues that the issue of reinstatement to the policy is distinct from the issue of whether his policy lapsed, and thus that the law of the case doctrine should not be applied. Even if these issues were distinct, however, Walters would not prevail because he never raised the non-lapse issue prior to the Rule 60(b) motion currently on appeal. As the district court noted in its order denying Walters' motion, Walters "had every opportunity to litigate these issues to this court and on appeal to the Tenth Circuit." (Aplt. App. at 346.) Walters did not take the opportunity to litigate non-lapse as a distinct issue, and thus has no viable claim for relief on that basis under Rule 60(b).

Accordingly, the district court did not abuse its discretion in denying Walters' motion for relief under Fed. R. Civ. P. 60(b).

**CONCLUSION**

For the foregoing reasons, we AFFIRM the judgment of the district court.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge