**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 8 2002**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

### TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

No. 01-7015

DANIEL S. BUCK and
RIPLEY BERRYHILL,

Defendants-Appellants.

## APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA
## (D.C. NO. 95-CV-270-P)

Marcella Burgess Giles, McLean, Virginia (Ernest C. Baynard, III, Washington, D.C., with her on the briefs), for Defendants-Appellants.

Ellen J. Durkee, Attorney, Appellate Section, Environment & Natural Resources Division, Department of Justice, Washington, D.C. (Sheldon J. Sperling, United States Attorney; Linda A. Epperley, Assistant United States Attorney, Muskogee, Oklahoma; John C. Cruden, Assistant Attorney General; Jeffrey Dobbins, Attorney, Appellate Section, Environment & Natural Resources Division, Department of Justice, Washington, D.C., with her on the brief), for Plaintiff-Appellee.

Before **TACHA,** Chief Judge, **KELLY** and **HARTZ**, Circuit Judges.

**HARTZ**, Circuit Judge.

More than four years after entry of a quiet title judgment in favor of the United States, Defendant Ripley Berryhill (Berryhill), joined by 26 others (the Non-party Movants), sought relief under Federal Rule of Civil Procedure 60(b). They contended that the judgment should be set aside (1) under Rule 60(b)(6) because it was obtained by fraud upon the court and (2) under Rule 60(b)(4) because it is void. The district court denied the motion. Berryhill and fellow defendant Daniel Buck appeal. We have jurisdiction under 28 U.S.C. § 1291.

We affirm, holding: (1) Appellants' claim of fraud upon the court was brought improperly under Rule 60(b)(6) but can be treated as a claim in an independent action or as a motion addressed to the inherent power of the court to set aside a judgment procured by fraud upon the court; (2) Appellants failed to establish fraud upon the court; (3) the judgment is not void for lack of subject matter jurisdiction, Appellants' claim to the contrary being founded merely on contentions that the district court had committed legal error in deciding the merits; and (4) failure to give notice of the quiet title action to the Non-party Movants did not deprive them of due process or otherwise render the quiet title judgment void. The United States also challenges the standing of the Non-party Movants under Rule 60(b), but our decision in favor of the United States on the merits makes it unnecessary for us to address that issue. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 97 (1998) (statutory standing, unlike Article III

standing, need not be decided before addressing the merits); *McNamara v. City of Chicago*, 138 F.3d 1219, 1222 (7th Cir. 1998) (court need not resolve standing of all plaintiffs when some plaintiffs clearly have standing to raise the issue).

I.    Background

The property at issue (the Property) consists of two lots totaling 161.81 acres in Hughes County, Oklahoma. Berryhill and the Non-party Movants claim descent from Nettie Tiger, a fullblood Creek who acquired the Property in 1903 from the Muscogee (Creek) Nation. After her death a court in 1945 determined that she had six heirs. In 1948 one of these heirs conveyed her undivided 1/6 interest in the Property to Ralph Oliphant, a non-Indian. Oliphant promptly filed suit to partition the Property, thereby forcing its sale. He purchased the Property at a sheriff's sale on January 11, 1949. But on January 20 the Secretary of the Interior exercised his preference right under the Oklahoma Indian Welfare Act of June 26, 1936, to acquire the Property in trust for the Thlopthlocco Tribal Town. Bidding on the Property was therefore reopened. The United States was the high bidder, its title being confirmed by court order on March 10, 1949. Dispute over the title then arose after Ralph Oliphant conveyed whatever interest he had in the Property to Buck and Berryhill in 1992.

Litigation concerning the Property commenced in the United States District Court for the Eastern District of Oklahoma in 1995 when the United States

brought an action on its own behalf and in its capacity as trustee of lands of the Thlopthlocco Tribal Town. The complaint sought, among other relief, to quiet title to the Property and to enjoin Buck and Berryhill from trespassing on the Property or asserting any claim to it. Named as defendants were Buck and Berryhill; Nannette Oliphant Moore; John, Francis, Ralph, and Emma Jo Oliphant; the known and unknown successors, heirs, and assigns of the individual defendants; Sentinel Petroleum Inc.; and the State of Oklahoma ex rel. Oklahoma Tax Commission. The court entered judgment on February 8, 1996, quieting title to the Property in the United States and granting the requested injunctive relief.

On October 22, 1999, the United States filed a motion for an order requiring Buck and Berryhill to show cause why they should not be held in contempt for violating the injunction in the quiet title judgment. On March 20, 2000, a day before a scheduled hearing on the motion, Berryhill and the Non-party Movants filed a motion for relief from the judgment "[p]ursuant to Rule 60(b)(4) and (6)." The district court ruled that the motion was untimely, the legal arguments challenging the propriety of the quiet title judgment were unfounded, there was no fraud upon the court, and the Non-party Movants lacked standing to seek relief under Rule 60.

## II.     The Merits

There was no appeal of the quiet title judgment.  The motion for relief from the judgment comes long after the time for appeal had expired.  If there is ever to be closure to litigation, such motions should be granted only for compelling reasons.  The Federal Rules of Civil Procedure so provide.  Rule 60(a) governs the correction of clerical mistakes.  Substantive grounds for relief are set forth in Rule 60(b).[1]  Appellants invoke clause (b)(4) of the Rule, which permits relief on the ground that "the judgment is void," and clause (b)(6), which permits relief for "any other reason justifying relief from the operation of the judgment."  We begin

---

[1]     Rule 60(b) states:

**Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.**  On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.  A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.  This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court.  Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

with their argument that relief should have been granted under clause (b)(6).

A. Fraud upon the Court.

1. Procedural Issues

Appellants' claim for relief under Rule 60(b)(6) is based on the contention that the attorneys for the United States committed fraud upon the court in obtaining the quiet title judgment. Before considering the merits of the contention, we address a procedural matter. We hold that a claim of fraud, including fraud upon the court, cannot be brought under clause (b)(6). As we shall explain, however, the error in labeling the pleading is not fatal because Rule 60(b) permits other means of pursuing the relief they seek.

Appellants' reliance on clause (b)(6) immediately raises questions because fraud is specifically mentioned in clause (b)(3) as a ground for relief from a judgment. Why would Appellants choose clause (b)(6) rather than (b)(3)? The answer is timing. Rule 60(b) provides that a motion under the Rule "shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken." Appellants were well outside the one-year time limit for a motion under clause (b)(3), the motion having been filed more than four years after the quiet title judgment.

To avoid the time bar, Appellants instead rely on clause (b)(6), which permits relief for "any *other* reason justifying relief from the operation of the

-6-

judgment." Rule 60(b)(6) (emphasis added). Their reliance is misplaced. The clear import of the language of clause (b)(6) is that the clause is restricted to reasons other than those enumerated in the previous five clauses. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988)*; Plotner v. AT&T Corp.*, 224 F.3d 1161, 1174 (10th Cir. 2000); 12 James Wm. Moore et al., Moore's Federal Practice § 60.48, at 60-167 (3d ed. 1997) (Moore's); 11 Charles Alan Wright, et al., Federal Practice and Procedure § 2864, at 362 (2d ed. 1995) (Wright & Miller). Because fraud is one of the reasons for relief appearing in clause (3), it is not available as "any other reason" under clause (6). Appellants cannot so easily escape the time restrictions on Rule 60(b)(3) motions.

Nevertheless, Rule 60(b) authorizes two other avenues for relief from fraud upon the court. The rule states that it "does not limit the power of a court [1] to entertain an independent action to relieve a party from a judgment, order, or proceeding . . . or [2] to set aside a judgment for fraud upon the court." Rule 60(b); *see* 12 Moore's § 60.81[1][b] (distinguishing between an independent action and the inherent power to set aside a judgment for fraud upon the court); 11 Wright & Miller § 2851, at 229 (same).

The first additional avenue mentioned is an independent action. It is a narrow avenue. The Supreme Court has recently held that "under the Rule, an independent action should be available only to prevent a grave miscarriage of

justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998). But the roadway is wide enough to allow at least some claims of fraud. *See* 11 Wright & Miller § 2868, at 399-400; *id.* § 2870, at 415; 12 Moore's § 60.81[1][a]. There is no set time limit for filing an independent action, although relief may be barred by laches. *See* 11 Wright & Miller § 2868, at 401-02; 12 Moore's § 60.21[2], at 60-50.

The second procedure for obtaining relief is to invoke the inherent power of a court to set aside its judgment if procured by fraud upon the court. Relief is not dependent on the filing of a motion by a party to the original judgment; the court may assert this power sua sponte. *See* 11 Wright & Miller § 2865, at 380; *id.* § 2870, at 411; 12 Moore's § 60.21[4][e], at 60-60 (party seeking relief need not have been a formal party to original proceeding); *id.* § 60.21[4][f]; *id.* § 60.62, at 60-195. There is no time limit for such proceedings, nor does the doctrine of laches apply. *See Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985) (en banc); 11 Wright & Miller § 2870, at 412; 12 Moore's § 60.21[4][g].

In this case no purpose would be served by denying Appellants relief on the ground that the motion misstyled the plea for relief. The substance of the plea should control, not the label. We should construe the motion either as an independent action, *see* 12 Moore's § 60.64, at 60-197; 11 Wright & Miller

§ 2868, at 405, or, because "[t]here are no formal requirements for asserting a claim of fraud on the court," 12 Moore's § 60.21[4][f], at 60-60, as a pleading invoking the court's inherent power to grant relief for fraud upon the court. In short, we do not reject Appellants' fraud-upon-the-court claim on procedural grounds.

2. Substance of the Claim

The flaw in Appellant's fraud-upon-the-court argument is in its substance. The record below fell far short of establishing fraud upon the court. We have described such fraud as follows:

> Fraud on the court . . . is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. It has been held that allegations of nondisclosure in pretrial discovery will not support an action for fraud on the court. It is thus fraud . . . where the impartial functions of the court have been directly corrupted.

*Bulloch*, 763 F.2d at 1121 (citation omitted). As stated in *Weese v. Schukman,* 98 F.3d 542, 552-53 (10th Cir. 1996)*,*

> Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court. Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court.

(quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978))

(emphasis deleted).  Moreover,

> "fraud on the court," whatever else it embodies, requires a showing that one has acted with an intent to deceive or defraud the court.  A proper balance between the interests underlying finality on the one hand and allowing relief due to inequitable conduct on the other makes it essential that there be a showing of conscious wrongdoing–what can properly be characterized as a deliberate scheme to defraud–before relief from a final judgment is appropriate . . . .  Thus, when there is no intent to deceive, the fact that misrepresentations were made to a court is not of itself a sufficient basis for setting aside a judgment under the guise of "fraud on the court."

*Robinson v. Audi Aktiengesellschaft*, 56 F.3d 1259, 1267 (10th Cir. 1995).  Proof of fraud upon the court must be by clear and convincing evidence.  *See Weese*, 98 F.3d at 552.

With these particulars in mind, we now determine whether the district court abused its discretion in denying relief on the ground of fraud upon the court.  *See Switzer v. Coan*, 261 F.3d 985, 988 (10th Cir. 2001) (appellate court  reviews disposition of action for fraud upon the court under abuse-of-discretion standard).  We hold that not only was there no abuse of discretion in the denial, but granting relief on this record would have been an abuse.  *See Bulloch*, 763 F.2d at 1122 (reversing grant of relief).

Appellants' principal allegation of fraud upon the court is that the attorneys for the United States in the quiet title action failed to disclose the existence of a 1931 oil-and-gas lease on the Property and the existence of producing wells prior

to 1949. They contend that this information was of critical importance because production on the lease severed the mineral rights from the surface estate in the Property and the United States, for a variety of reasons, could not have acquired the mineral rights when it took title in 1949. To the extent that Appellants are claiming other fraudulent conduct, we simply do not understand what they are asserting.

The record belies Appellants' allegation. During discovery in the original proceeding, the United States provided the defendants with a copy of the 1931 oil-and-gas lease. In addition, attached to its brief in support of its summary judgment motion in that case was a copy of a pleading filed in 1948 which stated that there had been petroleum production on the Property "for the past several years."

Appellants rely, however, on the following passage from a brief submitted by the United States in the quiet title action:

> Assuming for purposes of argument that the United States was without authority to purchase the entire fee interest in the subject property, *the minerals underlying the subject property have been under oil and gas lease and producing minerals since the United States purchased the subject property in 1949. As set out in Section 7 of the 1936 Act, the mineral revenues from the subject property have been paid into the United States Treasury since that time.* In Oklahoma, minerals may be adversely possessed by taking possession of the minerals and operating mines for the statutory period of 15 years. *James, et al. v. Lanford, et al.*, 558 F. Supp. 737 (W.D. Okla. 1981); *Mohoma Oil Co.*

> *v. Ambassador Oil Corp.,* 474 P.2d 950 (Okla. 1970).
> Accordingly, the fact that it lawfully purchased the entire
> fee interest in the subject property notwithstanding, the
> United States has also fulfilled the requirements for
> acquiring title to the minerals through adverse possession.
> (emphasis added by Appellants)

Appellants contend that the statement that there had been production since 1949 constituted a representation that there had been no production of minerals prior to that time. This contention ignores the context of the statement. In its brief the United States had already argued that it had record title to the mineral rights. The passage quoted by Appellants was part of its alternative argument that it had acquired these rights by adverse possession. For that purpose the only relevant production from the property would be production after the date that the United States obtained color of title--1949. In other words, the brief was merely stating that during the legally relevant time there had been production from the Property. Only a perverse reading of the brief could construe it as representing that there had been no production before 1949.

Appellants have utterly failed to provide the evidence of concealment necessary to support their claim of fraud upon the court. Moreover, they conceded at the district court hearing on the motion that there had been no "deliberate misconduct" by the government attorneys. As previously noted, relief based on fraud upon the court must be founded on intentional misconduct. *See Robinson,* 56 F.3d at 1266. Although Appellants argue that the test for fraud upon the court

by government attorneys–who have special duties to promote justice and protect the public interest–should be relaxed from requiring conscious wrongdoing to requiring only reckless disregard for the truth, we need not address their argument because the record would not support a finding of reckless disregard. We affirm the district court's rejection of the claim.

    B.    Void Judgment.

Appellants claim that the quiet title judgment should be set aside under Rule 60(b)(4) because the judgment is void. A judgment is void "only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law." *In re Four Seasons Sec. Laws Litig.*, 502 F.2d 834, 842 (10th Cir. 1974). Despite the language of Rule 60(b) that all motions for relief must be "made within a reasonable time," a motion under Rule 60(b)(4) may be made at any time. *See Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir. 1994); 12 Moore's § 60.44[5][c]; 11 Wright & Miller § 2862, at 324. We review de novo the district court's ruling on a Rule 60(b)(4) motion. *See Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342, 1345 (10th Cir. 2000).

Appellants base their claim primarily on a number of contentions concerning the chain of title and the manner of acquisition of the Property by the United States. As we understand their briefs, they argue: (1) the Oklahoma Indian Welfare Act prohibited the United States from acquiring the mineral rights

allegedly severed from the surface rights by the 1931 oil-and-gas lease; (2) Ralph Oliphant purchased only the surface rights at the 1949 sheriff's sale, and thus the United States could acquire only surface rights when it exercised its preemptive right to bid on the property; (3) the United States used an improper source of funds to pay for the Property; and (4) because only 160 of the Property's 161.81 acres could be tax exempt and taxes on the remaining 1.81 acres were not paid, Hughes County acquired the remaining 1.81 acres, and then Buck acquired title to the 1.81 acres by paying taxes on them since 1977.

These contentions, however, do not go to the jurisdiction--the power--of the federal district court. Rather, they concern the correctness of the district court's decision in the quiet title action. Appellants make the all-too-common error of thinking that a court acts without jurisdiction when it makes a mistake. But "a judgment is not void merely because it is erroneous." *In re Four Seasons*, 502 F.2d at 842; *see In re Texlon Corp.*, 596 F.2d 1092, 1100 (2d Cir. 1979) (order not void when it was "within the parameters of the . . . court's authority").

Jurisdiction in the quiet title action rested firmly on 28 U.S.C. § 1345, which confers original jurisdiction on the district courts "of all civil actions, suits or proceedings commenced by the United States, or by any agency or officers thereof expressly authorized to sue by Act of Congress." This statute clearly grants the federal courts jurisdiction to entertain a suit by the United States to quiet title. *See*

*United States v. Zweifel*, 508 F.2d 1150, 1155 (10th Cir. 1975); *Ellis v. Cates*, 178 F.2d 791, 794 (4th Cir. 1949)*; cf. Leiter Minerals, Inc. v. United States*, 352 U.S. 220 (1957) (affirming injunction against state court proceedings that was issued to protect jurisdiction of federal court in quiet title action brought by United States). The judgment in such a case would then bind anyone over whom the district court obtained personal jurisdiction.  In determining whether the United States held title to the Property, the district court had power to decide whether the mineral rights had been severed from the surface estate, whether the United States had statutory authority to acquire mineral rights, whether Oliphant had acquired the mineral rights at the sheriff's sale, whether the United States had used an improper source of funds to pay for the Property, and whether Buck had acquired 1.81 acres of the Property by paying real estate taxes.   The parties to the case could have raised any of these matters in the original quiet title action and could have appealed any adverse rulings.  What they cannot do is raise these matters in a motion to set aside the judgment years later on the ground that the judgment is void.

Appellants next argue that, at least with respect to mineral rights, there was "no res over which the District Court acquired jurisdiction" because the mineral rights had been severed from the surface estate.  This argument is misconceived. The court was not exercising in rem jurisdiction over the Property.  Rather, its jurisdiction was predicated on the identity of the party (the United States) bringing

the action. *See Archer v. United States*, 268 F.2d 687, 690 (10th Cir. 1959) (quiet title action by United States was quasi in rem); 11 Wright & Miller § 3631, at 5-6 ("federal court may hear an action based on in personam jurisdiction even though it involves title to real property, if the general subject matter jurisdictional prerequisites are met").

Appellants' third argument that the quiet title judgment is void is that the Non-party Movants were denied due process by the failure to give them notice of the original quiet title action. The Fifth Amendment guarantees that the federal government will not deprive any person of "life, liberty, or property without due process of law." U.S. Const. amend. V. But "no process is required for government actions which do not deprive an individual of one of these three interests." 3 Ronald D. Rotunda & John E. Nowak, Treatise on Constitutional Law: Substance and Procedure § 17.1, at 3 (3d ed. 1999). Therefore, we must examine whether the quiet title action deprived any of the Non-party Movants of such an interest. To begin with, we observe that none of the Non-party Movants was a defendant in the quiet title action. None of them was specifically named in the complaint, nor is there any evidence, or even a contention, on appeal that any of them is covered by the language of the complaint including as defendants every successor, heir, or assign of one of the named individuals. In addition, there is no evidence or contention on appeal that any of the Non-party Movants is otherwise in

privity with any of the defendants in the quiet title action. Being neither parties nor privies of parties, the Non-party Movants are not bound by the quiet title judgment. *See Archer*, 268 F.2d at 690; *Oneida Indian Nation of Wis. v. New York*, 732 F.2d 261, 265 (2d Cir. 1984); *Atlantic Richfield Co. v. Tomlinson*, 859 P.2d 1088, 1097-98 (Okla. 1993). Because the legal rights of the Non-party Movants are not affected by the quiet title judgment, they had no due process right to notice in that action. Accordingly, the contention that the judgment is void for lack of notice must fail. Nor have Appellants suggested any reason why the absence of the Non-party Movants in the quiet title action would invalidate in any way the quiet title judgment to the extent it adjudicates the rights to the Property as among the parties in that action. We affirm the district court's denial of Appellants' claim under Rule 60(b)(4).

The order of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.