FILED
United States Court of Appeals
Tenth Circuit

August 24, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHARLES W. CAMPBELL,

    Plaintiff-Appellant,

v.

MEREDITH CORPORATION,

    Defendant-Appellee.

No. 09-3067

(D.C. No. 00-CV-2275-JAR)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY, BRISCOE,** and **HOLMES**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is,

therefore, submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff-Appellant Charles W. Campbell, appearing pro se,[1] appeals from the district court's denial of his motion under Rule 60 of the Federal Rules of Civil Procedure. We have jurisdiction over Campbell's appeal pursuant to 28 U.S.C. § 1291, and we affirm.

I

In June 2000, Campbell filed suit in the federal district court in the District of Kansas against his former employer Defendant-Appellee Meredith Corporation, alleging wrongful termination under Title VII.[2] At various times throughout his lawsuit, Campbell alternated between pro se status and being represented by three different sets of attorneys. In May 2003, the district court granted summary judgment to Meredith Corporation on Campbell's claims, and Campbell did not appeal. In February 2009, nearly six years later, Campbell filed a "request for relief from final judgment," based on "fraud and misconduct" and alleging he was "denied a constitutional right to a fa[i]r and impartial trial." ROA Vol. 6, Doc. 159 at 1-2. Campbell cited Fed. R. Civ. P. 60(b)(3), (b)(6), and (d)(3) as the basis for his motion.

Campbell claimed fraud was committed because one of his attorneys, who represented Campbell for 180 days from October 25, 2001 to April 23, 2002, was

---

[1] As he is proceeding pro se, we have construed Campbell's pleadings liberally. Cannon v. Mullin, 383 F.3d 1152, 1160 (10th Cir. 2004).

[2] Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

suspended from practice for a period of time in the State of Kansas by the Kansas Supreme Court. The attorney was suspended in October 2000 for failure to meet continuing legal education requirements and was re-admitted in December 2003. Campbell claims that the district court knew that his attorney was under the Kansas license suspension and that the proceedings before the district court were therefore unfair.[3] Campbell does not allege that the attorney was suspended from practice before the federal district court. Campbell admits that the district court's order granting summary judgment to Meredith Corporation was "factually correct," although he claims that the judgment against him was "unfairly obtained." Id. at 1.

The district court denied Campbell's motion by text entry and this appeal followed.

II

Rule 60 states, in pertinent part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

---

[3] Campbell submitted a letter from the clerk of the Kansas Appellate Courts that stated that the Kansas "admissions office does notify the federal courts of any attorney disciplinary actions taken by the Kansas Supreme Court." ROA Vol. 6, Doc. 159 Ex. 6. The letter does not mention the specific attorney at issue and does not indicate whether a suspension for failure to comply with continuing legal education requirements is an "attorney disciplinary action."

. . .

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct <u>by an opposing party</u>;

(4) the judgment is void;

. . .

(6) any other reason that justifies relief.

(c) Timing and Effect of the Motion.

(1) Timing. A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

. . .

(d) Other Powers to Grant Relief. This rule does not limit a court's power to:

. . .

(3) set aside a judgment for fraud on the court.

Fed. R. Civ. P. 60 (emphasis added).

We construe that portion of Campbell's motion alleging fraud by an opposing party under Rule 60(b)(3), and review the denial of that portion of the motion for abuse of discretion. <u>Zurich N. Am. v. Matrix Serv., Inc.</u>, 426 F.3d 1281, 1289 (10th Cir. 2005). We construe that portion of Campbell's motion alleging constitutional harms under Rule 60(b)(4), and review the denial of that

-4-

portion of the motion de novo.[4]  Amoco Oil Co. v. U.S. Envtl. Prot. Agency, 231 F.3d 694, 697 (10th Cir. 2000).  We construe that portion of Campbell's motion alleging fraud on the court under Rule 60(b)(6), and review the denial of that portion of the motion for abuse of discretion.  United States v. Buck, 281 F.3d 1336, 1342-43 (10th Cir. 2002).

*Rule 60(b)(3) Motion Alleging Fraud by an Opposing Party*

Rule 60(b)(3) motions must be filed "no more than a year after the entry of [] judgment."  Fed. R. Civ. P. 60(c)(1).  Here, Campbell's motion was filed nearly six years after the entry of the judgment in this case.  Therefore, Campbell's Rule 60(b)(3) motion is not timely and the district court did not abuse its discretion in denying it.

Even if we were to consider Campbell's motion under Rule 60(b)(3), however, he has not adequately stated a claim under that Rule.[5]

> Rule 60(b)(3) allows a court to relieve a party from a final judgment based on "fraud . . . , misrepresentation, or other misconduct of an adverse party."  Regardless of the specific form of the allegation, the party relying on Rule 60(b)(3) must, by adequate proof, clearly substantiate the claim of fraud, misconduct or misrepresentation.  In other

---

[4]  Meredith Corporation asserts Campbell is claiming this basis for relief for the first time on appeal.  However, Campbell did make this argument below, he just did not title it under Rule 60(b)(4).

[5]  It is unclear whether Campbell continues to press his Rule 60(b)(3) claim.  See Aplt. Reply at 6 ("Campbell did not allege that Meredith engaged in fraud.  He alleged that the judicial system broke down . . . .").  Regardless, we reject Campbell's appeal of this issue for the multiple reasons stated herein.

words, they must show clear and convincing proof of fraud, misrepresentation, or misconduct. Moreover, the challenged behavior must <u>substantially</u> have interfered with the aggrieved party's ability fully and fairly to prepare for and proceed at trial.

<u>Zurich N. Am.</u>, 426 F.3d at 1290 (internal quotations and citations omitted).

Campbell alleged <u>no</u> fraud <u>by an opposing party</u> that substantially interfered with his ability to prepare his case. The district court therefore could not have abused its discretion with a merits denial of Campbell's Rule 60(b)(3) motion.[6]

*Rule 60(b)(4) Motion Alleging Constitutional Harm*

A Rule 60(b)(4) motion alleges that a judgment is "void." "A judgment is void only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law." <u>Buck</u>, 281 F.3d at 1344 (internal quotations omitted). Campbell's allegations of a due process violation mirror exactly his allegations regarding fraud on the court. Therefore, they will be addressed in the next section.[7] <u>See</u> <u>id.</u> at 1342 ("In this

---

[6] The district court denied Campbell's Rule 60 motion in its entirety through a text entry on the docket, and there was, therefore, no order entered explaining the district court's justification for its denial. Although it is troubling that the district court used a text entry to adjudicate a motion in which portions allege matters we are to review for abuse of discretion, we are comfortable affirming the district court's text-entry order in this case. Here, Campbell's motion under Rule 60(b)(3) was so untimely, and, as discussed below, his motion under Rules 60(b)(4) and (b)(6) was so lacking in support, that it is beyond question that Campbell's motion was insufficient to state claims for relief under Rule 60.

[7] Even if we were to separately consider the merits of Campbell's claim

(continued...)

case no purpose would be served by denying Appellants relief on the ground that the motion misstyled the plea for relief. The substance of the plea should control, not the label.").

*Rule 60(b)(6) Motion Alleging Fraud on the Court*

Campbell claims fraud was committed on the district court via his attorney's practice before that court despite the suspension of the attorney's state license to practice. A Rule 60 motion for fraud on the court[8] is an allegation of "fraud which is directed to the judicial machinery itself and is not fraud between the parties . . . ." Id. (internal quotations omitted). Fraud on the court claims are "much more difficult to prove" than claims of fraud by an adverse party. Zurich N. Am., 426 F.3d at 1291.

Concerning the severity of claims necessary to establish fraud on the court, we stated in Zurich North America:

> Generally speaking, only the most egregious conduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court. Less

---

[7](...continued)
under Rule 60(b)(4), we would not find a sufficient basis to grant relief. Campbell points to no evidence to support the notion that the district court violated due process principles. See Orner v. Shalala, 30 F.3d 1307, 1310 (10th Cir. 1994) (observing that we reject due process arguments under Rule 60(b)(4) where "fundamental procedural prerequisites—particularly, adequate notice and opportunity to be heard—were fully satisfied").

[8] Fraud on the court claims are exempt from the one-year time period for filing claims under Rule 60(c)(1). Zurich N. Am., 426 F.3d at 1291.

> egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court.
>
> These parameters are strictly applied because a finding of fraud on the court permits the severe consequence of allowing a party to overturn the finality of a judgment. Intent to defraud is an absolute prerequisite to a finding of fraud on the court.

Id. (internal quotations and citations omitted). We have also stated that fraud on the court is "fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury." Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir. 1985). Fraud on the court "is thus fraud where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function—thus where the impartial functions of the court have been directly corrupted." Id. Fraud on the court must be shown by "clear and convincing evidence." Weese v. Schukman, 98 F.3d 542, 552 (10th Cir. 1996).

Campbell attempts to support his claim of fraud on the court by pointing to evidence that his attorney was suspended from practice by the Kansas Supreme Court while representing Campbell. This fact, however, fails to establish fraud. Campbell alleges that intent to defraud should be "implied" because the District of Kansas's local rules[9] require annual attorney certification that the attorney has

---

[9] See D. Kan. Local R. 83.5.3(a) ("All attorneys admitted to the practice of

(continued...)

-8-

met the state court's continuing legal education hours. There is no mechanism, however, for "implying" fraud on the court. Campbell bears the burden of establishing fraud on the court by clear and convincing evidence. Evidence that Campbell's attorney had not met the required continuing legal education hours is not "clear and convincing evidence" that the court was defrauded. Campbell has pointed to no evidence that the court was corrupted or unduly influenced by Campbell's attorney's behavior, or that the court behaved with bias or was corrupted by the turn of events. There is simply no allegation within Campbell's briefing that rises to the level necessary to establish fraud on the court.

The only other specific allegation Campbell makes is that the suspended attorney failed, in Campbell's opinion, to properly pursue discovery responses from Meredith Corporation. This is more akin to a claim of attorney malpractice, and Campbell is focused on his attorney's alleged "incompetence" rather than on any fraud to the court. This allegation simply does not rise to the level necessary for having evidence that the judgment against Campbell in the district court was "unfairly obtained." See Zurich N. Am., 426 F.3d at 1290 (stating that motions under Rule 60 regarding fraud are not concerned with a judgment's factual

---

[9](...continued)
law before this court shall annually, on or before the first day of July, register with the clerk. . . . [T]he registrant shall certify that during the 12-month period immediately preceding the date of registration he or she has earned at least the minimum number of credit hours required by the Rule of the Supreme Court of Kansas relating to continuing legal education. . . .").

-9-

correctness, but at "judgments which are unfairly obtained" (internal quotations omitted)).

III

We AFFIRM the district court's dismissal of Campbell's Rule 60 motion. Campbell's request to supplement the record is DENIED, and his request to withdraw his motion to strike is GRANTED.

Entered for the Court

Mary Beck Briscoe<br>
Circuit Judge

-10-