FILED
United States Court of Appeals
Tenth Circuit

June 8, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

BRENT L. ALFORD,

      Petitioner - Appellant,

v.

SAM CLINE; DEREK SCHMIDT,

      Respondents - Appellees.

No. 17-3017
(D.C. No. 5:11-CV-03062-SAC)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.

Brent L. Alford, a Kansas state prisoner appearing pro se, seeks to appeal the

district court's denial of his Rule 60(b) motion to set aside its order denying his

application for a writ of habeas corpus under 28 U.S.C. § 2254.  To do so, Mr. Alford

must first obtain a certificate of appealability (COA).  Because we conclude that

reasonable jurists could not debate the correctness of the district court's decision, we

decline to issue a COA, and we dismiss this matter.

In 1993, Alford was convicted of first-degree murder, aggravated kidnapping, and

unlawful possession of a firearm.  He was sentenced to a "hard 40" life sentence on the

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res
judicata, and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed.  R. App. P. 32.1 and 10th Cir. R. 32.1.

murder conviction, life on his aggravated-kidnapping conviction, and 3 to 10 years on his firearm conviction. The aggravated kidnapping and first-degree murder sentences were to be served consecutively; the firearm sentence, concurrently. Mr. Alford's sentences were subsequently affirmed on appeal. *State v. Alford*, 896 P.2d 1059 (Kan. 1995).

In 1996, Mr. Alford filed a motion in state court to correct his sentence, which was denied. The denial was affirmed by the Kansas Supreme Court in 1997. That same month, Mr. Alford filed a second motion in state court attacking his sentence. This was summarily denied in 1998. The following month, Mr. Alford filed a combined motion to reconsider and notice of appeal. In 2000, Mr. Alford's appeal was dismissed because it was not timely docketed; the Kansas district court never ruled on his motion to reconsider.

Next, Mr. Alford filed a § 2254 application for habeas corpus in federal district court. Because his conviction became final before the Antiterrorism and Effective Death Penalty Act (AEDPA) was enacted, he had until April 24, 1997, to file an application under 28 U.S.C. § 2254. *See Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001). Mr. Alford filed his § 2254 application in March 2011. The district court ordered Mr. Alford to show cause why his application was not untimely under the AEDPA. After Mr. Alford failed to demonstrate that the application was timely or that he was entitled to equitable tolling, the court dismissed the application as time-barred.

Fast-forwarding past further postconviction proceedings in state courts that are not relevant here, Mr. Alford filed a Rule 60 motion under the Federal Rules of Civil Procedure in federal district court in 2016, seeking relief from the 2011 order denying

habeas relief.  Construing his pro se filing liberally, the district court understood Mr.

Alford to be making three arguments:

> 1) at the time of the court's dismissal of his petition, he had a properly filed
> application for state post-conviction review pending, which tolled the limitation
> period . . . 2) the order dismissing petitioner's § 2254 petition is void, meaning the
> time limitations for filing a Rule 60(b) motion are inapplicable; and 3) petitioner
> was deprived of due process because (a) the state court failed to rule on his motion
> for reconsideration of the dismissal of his first motion for state habeas corpus
> review, and (b) the order of the state court dismissing petitioner's appeal of the
> dismissal of his first motion was void in that the state court did not have the
> authority to take any action on petitioner's appeal while the motion to reconsider
> remained pending.

(R. at 74–75 (citations omitted)).  Ultimately, the district court denied the Rule 60

motion in part and dismissed in part.

In *Spitznas v. Boone*, 464 F.3d 1213 (10th Cir. 2006), we laid out the "steps to be

followed by district courts in this circuit when they are presented with a Rule 60(b)

motion in a habeas or § 2255 case."  *Id*. at 1216.  First, the court should "consider each of

the issues raised in the motion in order to determine whether it represents a second or

successive petition, a 'true' Rule 60(b) motion, or a mixed motion."  *Id*. at 1224.  A Rule

60(b) motion "is a second or successive petition if it in substance or effect asserts or

reasserts a federal basis for relief from the petitioner's underlying conviction."  *Id*. at

1215.  A "true" Rule 60(b) motion "challenges only the federal habeas court's ruling on

procedural issues," including timeliness.  *Id.* at 1216.  We refer to a Rule 60(b) motion

with "both true Rule 60(b) allegations and second or successive habeas claims" as a

"mixed" motion.  *Id*. at 1217.  In the case of a mixed motion "the district court should (1)

address the merits of the true Rule 60(b) allegations as it would the allegations in any

- 3 -

other Rule 60(b) motion, and (2) forward the second or successive claims to this court for authorization" if doing so is in the interest of justice. *Id.*

What we have here is a mixed motion. Insofar as it attacks the court's application of the statute of limitations, it is a "true" Rule 60(b) motion. *Id*. at 1216. The remainder of the motion, including Mr. Alford's arguments that he was deprived of due process by the state court's failure to rule on his motion to reconsider and the subsequent dismissal of his appeal, makes new claims that he could have asserted previously, but did not. These claims are thus second or successive. *Id*. at 1215.

We start with the "true" 60(b) issues. As to these, Mr. Alford must first obtain a COA before proceeding on appeal. *See id*. at 1218. We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, the applicant must show "that reasonable jurists could debate whether (or for that matter, agree that) the petition"—here, the Rule 60(b) motion—"should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation marks omitted).

Mr. Alford moved for relief under Rules 60(b)(4) and (6). Rule 60(b)(4) requires a court to grant relief if "the judgment is void." Fed. R. Civ. P. 60(b)(4). "A judgment is void only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law." *United States v. Buck*, 281 F.3d 1336, 1344 (10th Cir. 2002) (quotation marks omitted). Under Rule 60(b)(4), a litigant was afforded due process if "fundamental procedural prerequisites—

- 4 -

particularly, adequate notice and opportunity to be heard—were fully satisfied." *Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir.1994). "[A] judgment is not void merely because it is erroneous." *Buck*, 281 F.3d at 1344 (internal quotation marks omitted).

The district court denied relief under Rule 60(b)(4), holding that it had jurisdiction to enter its order denying Mr. Alford's § 2254 application. It also recognized that Mr. Alford was given adequate notice and opportunity to be heard: Prior to entering its order, the court ordered "[Mr. Alford] to show cause as to why his petition should not be dismissed as time barred. [Mr. Alford] responded to the show cause order but did not raise the tolling argument that he now raises." (R. at 77.)

The district court also denied relief under Rule 60(b)(6), holding that Mr. Alford's Rule 60 motion was untimely. Rule 60(b)(6) allows a party to seek relief from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). A motion under Rule 60(b)(6) must be made "within a reasonable time" after entry of the order. Fed. R. Civ. P. 60(c). Mr. Alford's Rule 60 motion was filed more than five years after his § 2254 application was denied. As the district court explained:

> Because the grounds for petitioner's objection to the dismissal of his § 2254 petition were present prior to the dismissal, because he did not raise the objection when given the opportunity by the court prior to the dismissal, because petitioner did not appeal the dismissal, and because he waited over five years to file his Rule 60(b) motion and did not offer any justification for the delay, the court finds the petitioner did not file his motion within a reasonable time and is therefore not entitled to relief under Rule 60(b).

(R. at 79.) On appeal, Mr. Alford makes no argument regarding the district court's denial of his Rule 60 motion. He does not argue, for example, that the court's order denying his § 2254 application is void, nor has he identified "any other reason that

justifies relief" from that order. Instead, Mr. Alford reargues the timeliness and the merits of his § 2254 application. But we do not have jurisdiction to review the order denying his § 2254 application, as that order was not appealed, and such an appeal would by now be untimely. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007); Fed. R. App. P. 4(a)(1)(A), 4(a)(4)(A)(vi). Our review is limited to the order denying and dismissing Mr. Alford's Rule 60 motion. And as to *that* order, Mr. Alford has failed to establish that reasonable jurists could debate the correctness of the district court's decision.

On to the second or successive claims. "A district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until this court has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). "[I]f a district court determines that it lacks jurisdiction over a civil action, it shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought." *Id.* (quotation marks and emphasis omitted). "Although § 1631 contains the word 'shall,' we have interpreted the phrase 'if it is in the interest of justice' to grant the district court discretion in making a decision to transfer an action or instead to dismiss the action without prejudice." *Id.* (ellipses and brackets omitted).

Here, the district court recognized that it did not have jurisdiction over the second or successive claims and declined to transfer the action. As before, Mr. Alford must first obtain a COA to appeal this part of the district court's decision. *See id.* at 1252. And, as before, Mr. Alford has failed to address the court's reasons for dismissal, i.e., the application raised unauthorized second or successive claims, which the district court

lacked jurisdiction to consider.  Nor does he argue that the district court abused its discretion when "it conclude[d] it is not in the interest of justice to transfer the matter to this court for authorization."  *Id*. at 1252.  Instead, as before, he reargues the merits of these claims.  We do not consider the merits, however, because Mr. Alford has not established that reasonable jurists could debate the district court's conclusion that it lacked jurisdiction over these claims.

We **DENY** Mr. Alford's request for a certificate of appealability, and **DISMISS** this matter.  We **GRANT** Mr. Alford's motion for corrections and modifications of the record to the extent that he seeks to amend his opening brief to correct certain factual errors.

Entered for the Court

Monroe G. McKay
Circuit Judge