**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 17 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BOBBY DON VANCE,

    Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

    Defendant - Appellee.

No. 02-6346
(D.C. No. CIV-02-1327-C)
(W. D. Oklahoma)

**ORDER AND JUDGMENT**

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In 1999 the United States District Court for the Western District of Oklahoma reduced to judgment Plaintiff Bobby Don Vance's federal income tax

liability for tax years 1976 through 1989. *United States v. Vance*, No. 97-CV-1819 (W.D. Okla. Aug. 17, 1999) (*"Vance I"*). As part of that judgment, the court authorized foreclosure of liens against Plaintiff's property. We affirmed, stating: "We have thoroughly reviewed Mr. Vance's appeal, the record, and the district court's orders. It is clear that the district court carefully considered Mr. Vance's arguments, including his meritless tax-protest claims. The district court properly . . . [entered] judgment [in favor of the Government]." *United States v. Vance*, No. 99-6291, 2000 WL 717087, at \*\*2 (10th Cir. June 2, 2000). A marshal's sale was scheduled for October 9, 2002.

Approximately two weeks before the marshal's sale, Plaintiff filed a second lawsuit. In that suit Plaintiff alleged that the Government did not have a rightful claim to his property because the judgment in *Vance I* had been procured by fraud, in that a government attorney had knowingly produced false writings with the intent that the court rely on them, and that the court had in fact relied upon those false writings. He also alleged that the Government had wrongfully requested an amount more than or different from the amount appearing on the records of assessment, and that the records themselves were invalid because the IRS had failed to follow the assessment procedures set forth in 26 C.F.R. § 301.6203-1. Plaintiff requested an order compelling the Government to return

his property, and he sought to enjoin the Government from selling the property before the dispute was resolved.

The district court denied Plaintiff's motion for preliminary injunction and dismissed his case because: (1) the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Anti-Injunction Act, 26 U.S.C. § 7421, barred the action; (2) Plaintiff's claims constituted a collateral challenge to the judgment in *Vance I* and were therefore barred by res judicata; (3) Plaintiff's claims under Federal Rule of Civil Procedure 60(b)(3) could be brought only in the proceeding that gave rise to the judgment being challenged; and (4) Plaintiff's allegations of fraud upon the court were too conclusory.

Plaintiff's argument on appeal includes what is essentially a recharacterization of the allegations of his complaint. He asserts that the district court allowed the Government to pursue its claim despite the court's knowledge that the claim was barred by the statute of limitations, that the district court knowingly and wrongfully allowed the Government to pursue a judgment for more than the amount shown on the summary records of assessment, that the district court was on notice that the Government never produced valid assessments, and that the only documents that the district court relied upon in making its decision were fabricated by a government attorney.

Plaintiff also raises several new arguments in his brief on appeal: (1) there was never a notice of levy; (2) when enforcing the judgment, government agents did not comply with Oklahoma law; and (3) the taking of Plaintiff's property was illegal because a minimum bid price was never established. We do not address these arguments because our review of the record indicates that they were not raised in the district court. *MacArthur v. San Juan County*, 309 F.3d 1216, 1225 (10th Cir. 2002).

In his reply brief Plaintiff belatedly responds to two of the grounds relied upon by the district court to support the dismissal. First, he asserts that the Anti-Injunction Act does not bar his claim because it does not apply when (1) the Government could not have prevailed and (2) absent relief, Plaintiff would suffer irreparable harm. *See Enochs v. Williams Packing & Navigation Co., Inc.*, 370 U.S. 1, 7 (1962). Plaintiff appears to argue that the Government could not have met its burden of proof (i.e. could not have prevailed) because it could not have produced valid assessments and a notice of levy. Second, he seems to claim that the doctrine of res judicata does not apply because the judgment in *Vance I* is void for lack of subject matter jurisdiction. Because neither argument was raised in Plaintiff's opening brief, we need not address them, *see Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000) (court will not review issue first raised in reply brief); but in any event they are patently frivolous.

-4-

Whether the Declaratory Judgment and Anti-Injunction Acts bar Plaintiff's claim is a question of law that we review de novo. *See Rosette Inc. v. United States*, 277 F.3d 1222, 1226 (10th Cir. 2002) ("The construction and applicability of a federal statute is a question of law, which we review de novo."). The district court's conclusion that Plaintiff's claim is barred by the doctrine of res judicata is also reviewed de novo. *Wilkes v. Wyoming Dep't of Employment Div. of Labor Standards*, 314 F.3d 501, 503 (10th Cir. 2002). The court's failure to set aside the judgment for fraud upon the court, however, is reviewed for abuse of discretion. *United States v. Buck*, 281 F.3d 1336, 1342-43 (10th Cir. 2002). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

For substantially the same reasons stated in the district court's order, we agree that to the extent Plaintiff sought declaratory and injunctive relief, his claims were barred by the Anti-Injunction Act and the Declaratory Judgment Act. We also agree with the district court, again for substantially the same reasons stated in its order, that "Plaintiff's claims are nothing more than a collateral challenge to the underlying judgment and so are barred by *res judicata*." *Vance v. United States*, No. CIV-02-1327-C, slip op. at 4 (W.D. Okla. Oct. 17, 2002).

Finally, we hold that the district court's dismissal of Plaintiff's fraud claim was appropriate, although for slightly different reasons from those expressed in the court's order. The district court characterized Plaintiff's fraud claim as either

a challenge under Federal Rule of Civil Procedure 60(b)(3), or an allegation that the judgment in *Vance I* was procured by fraud upon the court. *Id.* at 3. We need not address the 60(b)(3) issue because Plaintiff asserts in his reply brief that he was not proceeding under that rule. As the district court recognized, a litigant may bring a fraud-against-the-court claim outside of Rule 60(b)(3). This can be done either by bringing an independent action or by "invok[ing] the inherent power of a court to set aside its judgment if procured by fraud upon the court." *Buck*, 281 F.3d at 1341. In either event, when fraud is alleged, it must be pleaded with particularity. Fed. R. Civ. P. 9(b). Plaintiff's conclusory allegations that a government attorney "advanced writings which . . . [he] knew were false," ROA at 1, that the records relied upon were "fraud fabricated by [the Government]," ROA at 24, and that the property was encumbered by "fraud perpetrated by [the Government]," ROA at 25, do not satisfy this standard. Accordingly, the district court (although not specifically referencing Rule 9(b)) correctly dismissed Plaintiff's complaint for failure to describe specifically the fraudulent acts forming the basis of his claim.

We **AFFIRM**.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge

-6-