**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 9 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

BOBBY DON VANCE,

Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,
ex rel. Donald N. Dowie, Jr., Patrick
M. Ryan and Robin J. Cauthron,

Defendants-Appellees.

No. 03-6139
(D.C. No. CIV-02-1664)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **HARTZ** , **McCONNELL** , and **TYMKOVICH** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In 1997, the government instituted suit to collect over $900,000 in tax liabilities against appellant Bobby Don Vance and his wife by foreclosing on tax liens against the Vance's real property. Judge Robin Cauthron granted the government's motion for summary judgment against Mr. and Mrs. Vance, their children, and a family trust, holding that Mr. Vance fraudulently transferred the title of his real property to the family trust. Accordingly, the court authorized the government to sell the real property. Mr. Vance appealed, and this Court affirmed the district court's judgment. *United States v. Vance*, No. 99-6291, 2000 WL 717087, at *2 (10th Cir. June 2, 2000). A marshal's sale was scheduled for October 9, 2002.

Two weeks before the marshal's sale, Mr. Vance filed a suit alleging that the government did not have a rightful claim to his property because the judgment against him had been procured by fraud. He also claimed that collection was barred by the statute of limitations. He requested an order compelling the government to return his property and enjoining its sale. The district court denied his motion for preliminary injunction and, on October 22, 2002, dismissed his suit under the Anti-Injunction Act, 26 U.S.C. § 7421, and the Declaratory Judgment Act, 28 U.S.C. § 2201. Not to be daunted, Mr. Vance filed a second lawsuit, which is the subject of this appeal, on November 22, 2002. The government sold the property in December 2002.

On appeal from the October 2002 dismissal of his first suit, Mr. Vance attempted to raise several new arguments that he had not raised in district court, including that government agents did not comply with relevant Internal Revenue Code procedures and that the taking of his property was illegal because a minimum bid price was never established. We affirmed the district court's dismissal and refused to address the arguments made for the first time on appeal. *Vance v. United States*, 60 Fed. App. 236, 238-39 (10th Cir. Mar. 17, 2003).

Mr. Vance's second suit sought to accomplish the same goal as his first: to prevent the government from collecting delinquent taxes by selling his real property. But his second suit also alleged that Judge Cauthron and the two attorneys representing the government in the first suit had violated 26 U.S.C. § 7602(d) (limitations on Secretary's authority to issue administrative summons), 26 U.S.C. § 6501(c) (exceptions to statute of limitations on tax assessment proceedings), 26 U.S.C. § 6502(a) (statute of limitations on tax levies), 26 U.S.C. § 7214(a) (unlawful acts of internal revenue agents), 26 U.S.C. § 6335(e) (requirements as to manner and conditions of seized-property sales), and 26 U.S.C. 6331(j) (investigative requirements as to status of seized property). *See* R. Doc. 1 at 1-2. He claimed entitlement to injunctive relief "beyond reach of 26 U.S.C. 7421" to enjoin the government's collection activity, and requested an

order "remanding" the two attorneys and Judge Cauthron "to other authority for preference of charges" under § 7214(a). *Id.* at 2.

An out-of-district judge was assigned to the case. The court dismissed the second suit for failure to state a claim. We review the district court's rulings *de novo. See Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (review of dismissal under Fed. R. Civ. P. 12(b)(6) for legal sufficiency of complaint); *Rosette, Inc. v. United States*, 277 F.3d 1222, 1226 (10th Cir. 2002) (applicability of federal statute is question of law reviewed *de novo*). We have carefully reviewed the district court's rulings, the record, the applicable law, and Mr. Vance's arguments.

We conclude that the Anti-Injunction Act bars the injunctive relief Mr. Vance requests. *See Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 7 (1962) ("The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund."). We further conclude that Mr. Vance is foreclosed from bringing suits on issues that have already been, or could have been, adjudicated in prior proceedings, including proceedings that should have been brought in the Tax Court. *See* 26 U.S.C. § 6213(a) (providing that notices of tax deficiency may be challenged by filing petition in Tax Court). Mr. Vance has had the opportunity

both to challenge the tax assessments and liens in Tax Court, and to litigate the issues of fraudulent conveyance, statute of limitations, and due process in district court. He cannot attempt to litigate or relitigate those issues years later by filing multiple suits collaterally attacking the assessments and judgments. *See Guthrie v. Sawyer*, 970 F.2d 733, 735 (10th Cir. 1992) ("A taxpayer who wishes to challenge the activities of the IRS in sending a notice of deficiency or issuing a notice of assessment and demand for payment must bring suit under a statute that waives the sovereign immunity of the United States.").

On appeal, Mr. Vance argues that his right to bring criminal charges against Judge Cauthron and the two government attorneys arises under 26 U.S.C. § 7433 (providing for civil action against IRS agents for unauthorized collection actions), and 18 U.S.C. § 4 ("misprision of felony"). Because neither Judge Cauthron nor the attorneys are IRS agents, § 7433 provides no cause of action. And 18 U.S.C. § 4 simply has no application in this case.

Mr. Vance's motion to disqualify certain Tenth Circuit judges is denied as moot because the Tenth Circuit judges he seeks to disqualify are not on this panel.

The judgment of the district court is AFFIRMED.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge