**UNITED STATES COURT OF APPEALS**

**September 17, 2008**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

BRUCE SEARS,

    Defendant-Appellant.

No. 08-3157
(D.C. Nos. 04-CR-10174-MLB-1 and
08-CV-01057-MLB)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **O'BRIEN**, **EBEL**, and **GORSUCH**, Circuit Judges.

On December 6, 2004, Bruce Sears was convicted by a federal jury of four

counts of armed robbery and related charges stemming from the robbery of a Red

Lobster restaurant in Wichita, Kansas, and thereafter sentenced to life

imprisonment. On direct appeal, Mr. Sears challenged the district court's order

denying his motion to suppress evidence under the Fourth Amendment. We

affirmed the district court's denial of his motion. *United States v. Sears*, 2006

WL 2374330 (10th Cir. 2006). Mr. Sears then returned to the district court and

on February 25, 2008, filed a *pro se* habeas petition under 28 U.S.C. § 2255,

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

alleging various defects in his trial. To account for the fact that only one of the issues had been raised on direct appeal, Mr. Sears asserted that his trial and appellate attorneys' performances had been constitutionally ineffective in failing to present properly the remaining issues.

On March 13, 2008, the district court issued a 12-page memorandum and order generally finding both attorneys effective but also directing, "[w]ith extreme reluctance," the government to produce two documents that Mr. Sears "suspect[ed]" would prove that the government had failed to comply with its *Brady* obligations. *See Brady v. Maryland*, 373 U.S. 83 (1963). The government complied, and supplemented its production with a police department report to provide context. After conducting an *in camera* review, the district court concluded that the documents did not reveal information entitling defendant to relief and ruled that, "for the reasons set forth in [its prior] memorandum and order," Mr. Sears failed to demonstrate that his attorneys' performances fell below the requisite standard, or that there was a reasonable probability that, but for attorneys' alleged errors, the result of the proceedings would have been different. The court also denied Mr. Sears's motion for reconsideration. In subsequent orders, the district court denied Mr. Sears's motion for a certificate of appealability ("COA") and denied his motion for leave to proceed *in forma pauperis*. Mr. Sears now appeals these determinations.

Under the terms of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we may issue a COA only if Mr. Sears makes a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), such that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Affording Mr. Sears's *pro se* filings the degree of leeway they are due, *see Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), we nevertheless conclude based on our review of the record, and for substantially the same reasons given by the district court,[1] that no reasonable jurist could debate the correctness of the district court's rulings. Mr. Sears's request for COA is therefore denied and this appeal is dismissed. We also find it appropriate, as did the district court, to deny Mr. Sears's motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge

---

[1] Mr. Sears argues that the district court erred in denying his COA without providing a statement of reasons as required by Federal Rules of Appellate Procedure 22(b). We disagree. The district court denied Mr. Sears's COA because it determined his motion was "nothing more than a virtual verbatim recitation of his § 2255 motion," in which he made no effort to meet the requirements of obtaining a COA. In light of the fact that the district court had previously issued a total of 14 pages elucidating its grounds for rejecting Mr. Sears's § 2255 motion, we find that its stated reason for denying a COA satisfied its obligations.