FILED
United States Court of Appeals
Tenth Circuit

September 22, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

BRUCE SEARS,

      Defendant–Appellant.

No. 10-3124
(D.C. No. 6:08-CV-01057-MLB and
6:04-CR-10174-MLB-1)
(D. Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.

---

Bruce Sears, a federal prisoner proceeding pro se, seeks a certificate of

appealability ("COA") to appeal the district court's denial of his Fed. R. Civ. P. 60(b)(4)

motion. We deny a COA and dismiss the appeal.

**I**

In 2004, Sears was convicted on four counts relating to the armed robbery of a

Red Lobster restaurant in Wichita, Kansas. He was sentenced to life in prison. We

affirmed his conviction in United States v. Sears, 191 Fed. App'x 800 (10th Cir. 2006)

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(unpublished). Sears later filed a 28 U.S.C. § 2255 petition advancing numerous claims. After reviewing certain discovery materials in camera, the district court denied relief and declined to grant a COA. This court also rejected Sears' request for a COA. United States v. Sears, 294 Fed. App'x 383 (10th Cir. 2008) (unpublished).

Sears then returned to the district court, alleging in a Fed. R. Civ. P. 60(b)(4) motion that the court's order denying habeas relief is void because it was entered without due process. He argued the district court failed to address each of his claims and improperly denied an evidentiary hearing. The motion also discussed a litany of alleged constitutional violations during his trial. The district court denied Sears' motion and refused him a COA. Sears now seeks a COA from this court.

## II

At the outset, we must determine whether Sears' Rule 60(b)(4) motion is actually a "second or successive" habeas petition over which the district court would lack jurisdiction absent prior certification from this court. See 28 U.S.C. § 2255(h). Distinguishing between a true Rule 60(b) motion and a second or successive habeas petition turns on the "relief sought, not [the] pleading's title." United States v. Nelson, 465 F.3d 1145, 1149 (10th Cir. 2006). If a petitioner seeks "relief from the conviction or sentence," his claim is a successive habeas petition. Id. at 1147. But if a pleading attacks "some defect in the integrity of the federal habeas proceedings," it "should not be characterized as a successive petition." Id. (quotation omitted).

The district court liberally construed Sears' motion as challenging procedural aspects of his original habeas case. Cf. Haines v. Kerner, 404 U.S. 519, 520-21 (1972)

-2-

(pro se filings should be construed liberally). We agree with this characterization. Despite Sears' superfluous discussion of his substantive habeas claims, we will address the two claims that can be read as procedural objections to his initial § 2255 proceeding.

A litigant must obtain a COA to appeal the denial of a Rule 60(b) motion seeking to reopen a § 2255 proceeding. See Spitznas v. Boone, 464 F.3d 1213, 1217-18 (10th Cir. 2006). Sears may not obtain a COA unless he demonstrates "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted). Sears has failed to make such a showing.

Under Fed. R. Civ. P. 60(b)(4), a litigant may obtain relief from a final judgment if "the judgment is void." A judgment may be void "if entered in a manner inconsistent with due process." Orner v. Shalala, 30 F.3d 1307, 1310 (10th Cir. 1994). Sears advances two due process arguments. First, he alleges that the district court did not rule on all of his claims. Our review of Sears' petition and the district court's orders belie this contention. Sears' ineffective assistance claim contained several constitutional arguments. The district court held that many of these sub-issues were barred as independent claims because they were not raised on direct appeal, and concluded that each of Sears' attorneys was effective.

Second, Sears complains that the district court did not grant an evidentiary hearing. If a claim is "resolvable solely on the basis of the existing record," a district court may deny an evidentiary hearing in its discretion. Hooks v. Workman, 606 F.3d

-3-

715, 731 (10th Cir. 2010).  The district court conducted an in camera review of evidence sought by Sears rather than allowing the far-reaching discovery he requested.  Such a procedure is entirely permissible.

### III

For the forgoing reasons, we **DENY** a COA and **DISMISS** the appeal.  Because Sears has failed to advance "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991), we **DENY** his motion to proceed in forma pauperis.

Entered for the Court


Carlos F. Lucero
Circuit Judge