**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 4, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BRUCE SEARS,

    Defendant - Appellant.

No. 20-3129
(D.C. No. 6:04-CR-10174-JTM-1)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **KELLY**, and **CARSON**, Circuit Judges.
_____

Bruce Sears, a federal prisoner, filed a motion in the district court, purportedly seeking a reduced sentence under 18 U.S.C. § 3582(c)(1)(A)(i). The district court construed the motion as an unauthorized second or successive motion under 28 U.S.C. § 2255 and dismissed it for lack of jurisdiction. Proceeding pro se, Sears seeks a certificate of appealability (COA) under 28 U.S.C. § 2253(c) in order to appeal the district court's ruling.[1] We deny a COA and dismiss this matter.

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe his pro se application for a COA, *see Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002), but we do not assume the role of advocate, *see Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## BACKGROUND

In 2004, Sears was convicted on four counts relating to an armed robbery in Kansas. After determining that his prior robbery convictions in Kansas qualified as serious violent felonies, the district court sentenced Sears to a mandatory term of life in prison under the Three Strikes Statute, 18 U.S.C. § 3559(c)(1). We affirmed on direct appeal. *United States v. Sears*, 191 F. App'x 800, 802 (10th Cir. 2006).

In 2008, Sears filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The district court denied relief, and we denied a COA. *United States v. Sears*, 294 F. App'x 383, 384 (10th Cir. 2008). Ten years later, Sears filed a motion for a writ of *audita querela*, contending that, under *United States v. Nicholas*, 686 F. App'x 570 (10th Cir. 2017), his prior robbery convictions in Kansas no longer qualified as serious violent felonies under the Three Strikes Statute and that his life sentence should be vacated. The district court concluded the motion was, in form and substance, a second or successive § 2255 motion, which Sears had not obtained authorization to file under § 2255(h). The district court transferred the motion to this court under 28 U.S.C. § 1631. But rather than seeking authorization, Sears moved to remand, arguing the district court erred in construing his motion as a second or successive § 2255 motion. We denied the motion to remand and terminated the matter.

In June 2020, Sears filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i), raising the same arguments he made in his motion for a writ of *audita querela*. The district court construed the filing as another unauthorized second or successive § 2255 motion. This time, the district court declined to transfer the matter to

this court for Sears to obtain authorization because Sears "has repeatedly declined to seek leave to file such a motion." R. Vol. I at 139. The district court also declined to issue a COA, observing the motion was another "attempt to evade the requirements for obtaining leave to file a successive § 2255 motion." *Id.* Sears gave timely notice of appeal.[2]

## DISCUSSION

Sears must obtain a COA before he can appeal the dismissal of an unauthorized second or successive § 2255 motion. *See* 28 U.S.C. § 2253(c)(1)(B); *United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008) (applying COA requirement to the dismissal of an unauthorized second or successive § 2255 motion). To obtain a COA, Sears must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court's ruling rested on procedural grounds, Sears must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Sears has not met this burden.

The district court construed Sears's motion for a reduced sentence under § 3582(c)(1)(A)(i) as a § 2255 motion because it was attacking the validity of his sentence based upon post-sentencing case law, specifically, our unpublished decision in

---

[2] After filing his notice of appeal, Sears moved for resentencing under 18 U.S.C. § 3559(c)(7), raising the same arguments regarding his prior robbery convictions and seeking the same sentencing relief. The district court denied the motion, noting Sears again was attempting to evade the bar against unauthorized second or successive § 2255 motions. Sears did not appeal that ruling, and therefore, it is not before this court.

3

*Nicholas*, 686 F. App'x 570. *See* R. Vol. 1 at 137-38 (noting Sears claimed "Congress never intended for offenses like the one at issue here to serve as a predicate for sentence enhancement" and describing Sears's "argument [as] attack[ing] the fundamental validity of his sentence" (internal quotation marks omitted)). As we have explained, "[a] § 2255 motion is one claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) (internal quotation marks omitted). Such a motion "is generally the *exclusive remedy* for a federal prisoner seeking to attack the legality of detention." *United States v. Bong*, 913 F.3d 1252, 1260 (10th Cir. 2019) (internal quotation marks omitted) (emphasis added).

Thus, regardless of how a movant characterizes a post-judgment motion, it must be treated as a § 2255 motion if it "asserts or reasserts a federal basis for relief" from the movant's conviction or sentence. *In re Lindsey*, 582 F.3d 1173, 1175 (10th Cir. 2009) (per curiam) (internal quotation marks omitted). "It is the relief sought, not [a] pleading's title, that determines whether the pleading is a § 2255 motion." *Nelson*, 465 F.3d at 1149. And "[i]f the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading." *Id.* at 1148. "[T]o allow a petition to avoid the bar against successive § 2255 petitions by simply styling a petition under a different name would severely erode the procedural restraints imposed under 28 U.S.C. §§ 2244(b)(3) and 2255." *Id.* (internal

4

quotation marks omitted). In particular, "Congress was surely aware that defendants might wish to raise subsequent claims based upon changes in the applicable law, and narrowly circumscribed the allowable claims through § 2255(h)." *United States v. Wetzel-Sanders*, 805 F.3d 1266, 1268 (10th Cir. 2015).

Sears's claim for a sentence reduction based on *Nicholas* falls squarely within the scope of § 2255, not § 3582(c)(1)(A)(i).[3] Reasonable jurists would not dispute the district court's decision to construe Sears's motion as a § 2255 motion. Moreover, as the court observed, Sears had previously filed a § 2255 motion challenging his enhanced sentence, and the district court dismissed that motion. Sears therefore needed to obtain authorization from this court before he could file a second or successive § 2255 motion. 28 U.S.C. § 2255(h). Although Sears argues the merits of his claims and insists he is serving an excessive sentence based on *Nicholas*, he does not dispute the district court's findings that he previously filed a § 2255 motion and that he did not obtain authorization to file another one. Reasonable jurists, therefore, would not dispute the court's decision to dismiss the motion for lack of jurisdiction. *See In re Cline*, 531 F.3d 1249, 1251

---

[3] Under 18 U.S.C. § 3582(c)(1)(A)(i), a district court may reduce a sentence if, after considering any applicable sentencing factors in § 3553, it finds that "extraordinary and compelling reasons warrant such a reduction" and that the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." *See also* 28 U.S.C. § 994(t) (directing the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples"). None of the reasons the Sentencing Commission has identified as justifying a sentence reduction under § 3582(c)(1)(A) includes legal error in a defendant's sentence or post-sentencing developments in the case law.

(10th Cir. 2008) (per curiam) (noting the district court lacks jurisdiction to consider the merits of an unauthorized second or successive § 2255 motion).

## CONCLUSION

Because reasonable jurists could not debate the correctness of the district court's procedural ruling, we deny Sears's application for a COA and dismiss this matter. We deny his motion to proceed on appeal without prepayment of costs or fees. The filing fees and costs are due and payable immediately.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk