FILED
United States Court of Appeals
Tenth Circuit

January 16, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN LEE JOHNSON,

   Petitioner - Appellant,

v.

GARY GIBSON, Warden,

   Respondent - Appellee.

No. 08-5163

(N.D. Oklahoma)

(D.C. No. CV-00-612-TCK)

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

   After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this proceeding. <u>See</u> Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

   Proceeding *pro se*, petitioner John Lee Johnson seeks a certificate of appealability ("COA") in order to appeal the district court's October 15, 2008, order denying Johnson's "motion for order nunc pro tunc pursuant to Rule 60(a)

---

   [*]This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of the Fed. R. Civ. P." Motion at 1, R. Vol. 1 at 72. For the following reasons, we deny a COA and dismiss this appeal.

Following a jury trial, Johnson was convicted in 1998 of two counts of rape by instrumentation, four counts of sexual battery, two counts of kidnaping and two counts of forcible sodomy. He was sentenced to 1,000 years on each count, to be served consecutively. The Oklahoma Court of Criminal Appeals affirmed Johnson's conviction and sentence. In July 2000, Johnson filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. On September 23, 2003, the district court denied the petition. No appeal was filed by either party within the thirty-day period prescribed by Fed. R. App. P. 4(a)(1).

In his motion styled as a "nunc pro tunc" action, Johnson averred that he "was never served with the judge's order" denying his § 2254 petition. Motion at 1, R. Vol. 1 at 72. Johnson attached to his motion a "Request to Staff" dated September 16, 2008, which indicates that the records of the facility in which he was incarcerated support his assertion that he did not receive, nor did he sign for, any "legal mail" from September 15, 2003, through November 15, 2003. Johnson sought, by means of his motion, to effect an appeal from the denial of his § 2254 petition, and he asked that the district court "recall" and reissue as of the date of his motion the district court's 2003 order denying his § 2254 petition.[1]

_____

[1]Johnson explained his failure to appeal, despite his lack of notice of the denial of his petition, as follows:

(continued...)

The district court held that Johnson's reliance on Fed. R. Civ. P. 60(a) "as authority for the relief he seeks is misplaced," inasmuch as "Rule 60(a) provides for correction of clerical mistakes, such as 'misprisions, oversights and omissions, unintended acts or failures to act.'" Order at 1-2, R. Vol. 1 at 76-77 (quoting United States v. Morales, 108 F.3d 1213, 1224 (10th Cir. 1997)); see also Morrison Knudsen Corp. v. Ground Improvement Techniques, Inc., 532 F.3d 1063, 1085 (10th Cir. 2008) (noting that Rule 60(a) provides that "clerical mistakes in judgment may be corrected by the court at any time"); United States v. Buck, 281 F.3d 1336, 1340 (10th Cir. 2002) ("Rule 60(a) governs the correction of clerical mistakes."). The court noted that the correct mechanism for filing this late appeal is Fed. R. App. P. 4(a)(6). Pursuant to Rule 4(a)(6), the court:

> "may reopen the time to file an appeal . . . but only if all the following conditions are satisfied: (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (B) the motion is filed with 180

---

[1](...continued)

Petitioner understood that the courts were backed up with pending cases and that the adjudication of his claims would take years to be issued. Further, Petitioner had been advised that if he were to inquire to the court about his pending petition, a denial would shortly follow. Accordingly, Petitioner let the petition run its course, depending on the clerk of the court to notify him of any order issued by the court."

Motion at 1, R. Vol. 1 at 72.

days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule Civil Procedure 77(d) of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced."

Order at 2, R. Vol. 1 at 77 (quoting Fed. R. App. P. 4(a)(6)). "[N]othing within Rule 4(a)(6) indicates it is permissive or that its limitations may be waived for equitable reasons. The 180-day limitation . . . is specific and unequivocal." Clark v. Lavallie, 204 F.3d 1038, 1040 (10th Cir. 2000). As we stated in Clark, "[t]he essence of Rule 4(a)(6) is finality of judgment," and "[w]hile application of that concept infrequently may work misfortune, it is an overriding principle which demands enforcement without distinction between counseled and uncounseled cases." Id. at 1041. The district court accordingly held that the conditions required by Fed. R. App. P. 4(a)(6) were not met and denied Johnson's motion. Johnson seeks a COA to enable him to appeal that denial.

"Section 2253(c)(1)(A) provides that absent a COA, an appeal may not be taken from 'the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court.'" Dulworth v. Jones, 496 F.3d 1133, 1135 (10th Cir. 2007) (quoting 28 U.S.C. § 2253(c)(1)(A)). Furthermore, "[a] COA may issued under § 2253(c)(1) 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" Id. (quoting 28 U.S.C. § 2253(c)(2)). To satisfy that standard, a petitioner must "show[] that reasonable jurists could debate whether (or, for that matter, agree that) the

-4-

petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 and n.4 (1983)). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. In addressing this question we review Johnson's *pro se* filings with special solicitude. See Van Deelen v. Johnson, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007). Even according Johnson's materials such a solicitous construction, we conclude, based upon our own review of the record, that no reasonable jurist could debate the correctness of the district court's ruling. Johnson's request for a COA is therefore denied and this appeal is dismissed.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge