**In re Terry RAMSEY & Cheryl Ramsey, Debtors.**

**JoAnne Amicone, Movant/Applicant,**

**v.**

**Terry Ramsey, Cheryl Ramsey & D. Scott Lautner, Respondents.**

**JoAnne Amicone, Movant,**

**v.**

**D. Scott Lautner, Respondent.**

**Bankruptcy No. 03–30807–BM.**
**Related to Doc. No's. 213, 224, 229.**

United States Bankruptcy Court, W.D. Pennsylvania.

June 20, 2011.

---

1.  These courses may be completed on-line.

Paul W. McElrath, Jr., Moody, McElrath & Johnston, P.C., Pittsburgh, PA, for Debtors.

### MEMORANDUM AND ORDER OF COURT

BERNARD MARKOVITZ, Bankruptcy Judge.

**AND NOW,** this **20th day of June, 2011,** upon consideration of (a) the Creditor's

Application for Approval of Attorneys Fees and Costs as per Order of Court Dated June 24, 2010 (Doc. No. 213), which document was filed by JoAnne Amicone (hereafter "Amicone"), an alleged creditor of the instant debtors (hereafter "the Debtors"), (b) Amicone's Request for Approval of Attorneys Fees and Costs or for a Hearing (Doc. No. 224), by which document Amicone seeks approval of the same fees and costs that are contained in her application filed at Document No. 213 (Document No's. 213 and 224 are collectively referred to hereafter as "Amicone's Application for Fees and Costs"), (c) the Creditor's Motion to have Special Counsel, D. Scott Lautner, Esquire, Disgorge all Attorney Fees to the Bankruptcy Estate (Doc. No. 229), which document was also filed by Amicone (hereafter "Amicone's Motion for Disgorgement of Fees"), and (d) the responses to such motions by the Debtors, D. Scott Lautner, as counsel for the Debtors (hereafter "Lautner"), and the instant Chapter 7 Trustee (hereafter "the Trustee");

and subsequent to notice and hearings on the matters which were held on April 26, 2011, and May 31, 2011;

it is hereby **ORDERED, ADJUDGED, AND DECREED** that:

(a) Amicone's Application for Fees and Costs (i.e., Doc. No's. 213 & 224) is **DENIED WITH PREJUDICE**; and

(b) Amicone's Motion for Disgorgement of Fees (i.e., Doc. No. 229) is **DENIED WITH PREJUDICE**.

The Court so rules for the reasons briefly set forth below.

## I.

With respect to Amicone's Motion for Disgorgement of Fees, Amicone moves for an order that would direct Lautner to disgorge all of the fees that he was awarded, in his capacity as special counsel to the Trustee, for settling a pre-petition lawsuit that was owned by the Debtors, which lawsuit, subsequent to the commencement of the instant bankruptcy case, automatically became property of the instant bankruptcy estate (hereafter "the Pre–Petition Lawsuit"). The award of the fees in question to Lautner (hereafter "the Fee Award") was approved by two prior Orders of Court dated April 28, 2009, and April 29, 2009, that were issued by the Honorable M. Bruce McCullough, who presided over the instant bankruptcy case until his untimely death in late 2010 (hereafter "the April 2009 Orders of Court"). Amicone failed to object to, or to seek reconsideration of, the Court's entry of the April 2009 Orders of Court, despite the fact that she received notice from the Trustee of the hearing at which the Trustee's motion was granted that resulted in the entry of such orders.

The basis for Amicone's Motion for Disgorgement of Fees is that Lautner perpetrated a fraud upon the Court by accepting, and then refusing to relinquish any part of, the Fee Award. The Fee Award was granted in an amount equal to 1/3 of the amount for which the Pre–Petition lawsuit settled, when, according to Amicone, Lautner knew that he was only entitled to a lesser fee, either 20% or 25% of such settlement amount. The Trustee, in his motion that ultimately culminated in the Court's entry of the April 2009 Orders of Court, requested that Lautner be paid the 1/3 Fee Award. Thus, Amicone necessarily contends that Lautner perpetrated a fraud upon the Court by neither correcting the Trustee while he moved on Lautner's behalf for such 1/3 Fee Award nor disclosing to the Court that the Trustee's motion was supposedly incorrect regarding the amount that was sought therein for Lautner's Fee Award.

■ The Court holds that it must deny Amicone's Motion for Disgorgement of Fees for three discrete reasons. First, Amicone is barred by virtue of res judicata from bringing her separate motion for fee disgorgement. The basis for such ruling follows. "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were *or could have been raised in that action.*" *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (U.S.1980) (emphasis added). Consequently, defenses that could have been raised in a prior action may not be pursued as the basis for a claim in a subsequent action. *See* 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure Jurisdiction* § 4414 (2nd ed. 2011) (citing, *inter alia, Saud v. Bank of New York,* 929 F.2d 916 (2nd Cir.1991), for the proposition that "an action based on an omitted defense cannot be permitted in guise of a claim for restitution of a former judgment already paid or for damages measured by its execution"). Applying the foregoing law to the instant matter, the April 2009 Orders of Court preclude, by virtue of res judicata, Amicone's Motion for Disgorgement of Fees because (a) such orders constitute final judgments on the merits of that portion of the Trustee's motion that sought approval of the Fee Award, (b) Amicone, as a creditor who had notice of the hearing that culminated in the entry of such orders,[1] is held to be in privity with the Trustee, who acted in his official capacity on behalf of all of the creditors of the instant bankruptcy estate, including Amicone, when he appeared at such hearing, *see In re Medomak Canning,* 922 F.2d 895, 900–03 (1st Cir.1990), and (c) Amicone's foregoing allegation that Lautner perpetrated a fraud upon the Court could have been raised by her as the basis for an objection by her to the Court's entry of the April 2009 Orders of Court.[2]

■ Second, Amicone is time barred from seeking relief herself from the April 2009 Orders of Court via Fed.R.Civ.P. 60.[3] Consequently, the Court cannot—as Amicone appears to contend the Court could—grant her separate motion for fee disgorgement as essentially a request for Rule 60 relief from the April 2009 Orders of Court. The Court so holds because (a) the only grounds that Amicone could raise in support of a Rule 60 motion are those that are set forth in Fed.R.Civ.P. 60(b)(1)–(3), (b) a Rule 60 motion predicated upon one or more of the grounds set forth in Rule 60(b)(1)–(3) must be brought within one year after the judgment or order for which Rule 60 relief is sought, *see* Fed. R.Civ.P. 60(c)(1), 28 U.S.C.A. (West 2011),

---

1. Only for purposes of deciding the instant matters, the Court will presume, as Amicone herself contends, that she is a creditor of the Debtors.

2. The First Circuit in *Medomak Canning* also held that (a) "a court-approved settlement receives the same res judicata effect as a litigated judgment," *Medomak Canning,* 922 F.2d at 900, and (b) "[e]ven if ... [a party] waived res judicata as an affirmative defense, a court on notice that it has previously decided an issue may dismiss the action *sua sponte,* consistent with the res judicata policy of avoiding judicial waste," *Id.* (citing *United States v. Sioux Nation of Indians,* 448 U.S.

371, 432, 100 S.Ct. 2716, 2749, 65 L.Ed.2d 844 (1980)). Consistent with *Medomak Canning,* this Court holds that its instant decision that Amicone's Motion for Disgorgement of Fees is barred by res judicata is not affected at all by the fact that (a) the April 2009 Orders of Court approved a settlement that had been entered into by the Trustee, and (b) Lautner failed to raise res judicata as a defense to Amicone's motion.

3. Fed.R.Civ.P. 60 is made applicable to orders entered in the instant bankruptcy case pursuant to Fed. R.Bankr.P. 9024.

and (c) Amicone waited until May 3, 2011, to bring her Motion for Disgorgement of Fees, which date is more than two years after the entry of the April 2009 Orders of Court. Amicone, as one might expect, contends that she is not so time barred under Rule 60(b). She so contends because (a) she maintains, as set forth above, that Lautner obtained the entry of the April 2009 Orders of Court (and consequently the Fee Award) by virtue of perpetrating a fraud upon the Court, (b) a judgment can be set aside for fraud on the court pursuant to Fed.R.Civ.P. 60(d)(3) rather than under Rule 60(b), (c) no time constraints accompany relief that can be granted via Rule 60(d)(3), and (d) she contends that the fraud on Lautner's part that she alleges constitutes fraud of the type covered under Fed.R.Civ.P. 60(d)(3) rather than that which can constitute a ground for relief under Rule 60(b)(3). Unfortunately for Amicone, her position fails because the fraud on Lautner's part that she alleges cannot constitute that type of fraud which is covered under Rule 60(d)(3), that is fraud on the court. The Court so holds because (a) the fraud attributed to Lautner by Amicone, as set forth above, is that he knowingly failed to disclose to both the Trustee and the Court that the Fee Award which the Trustee sought for him was too high in amount, (b) " '[l]ess egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court,' " *United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002) (quoting *Weese v. Schukman*, 98 F.3d 542, 552–53 (10th Cir.1996), which, in turn, quoted *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir.1978)), and (c) the alleged nondisclosure by Lautner herein constitutes, at worst, fraud of the type that would be covered under Rule 60(b)(3), that is fraud that would not rise to the level of fraud on the court.

■ Third and finally, Amicone lacks standing to bring her Motion for Disgorgement of Fees. After prompting by the Court at the hearing on May 31, 2011, Amicone represented to the Court that her only basis for having standing to bring such motion is that she is a creditor in the instant bankruptcy case. If that is her only basis for such standing, then she necessarily concedes that the only injury that she seeks to redress by virtue of her motion is an injury to the instant bankruptcy estate that has been suffered by the entire creditor body of such estate. The institution of actions to redress such injuries after a Chapter 7 case has been commenced are exclusively the responsibility of a Chapter 7 bankruptcy trustee. *See* 6 *Collier on Bankruptcy*, ¶ 704.02[3] at 704–12 (Bender 2010) ("The trustee's rights to collect and reduce to money the property of the estate are exclusive"); *Id.*, ¶ 704.03 at 704–13 ("Trustees . . . are representatives of the estate, charged with doing whatever is necessary to advance its interests"); 11 U.S.C.A. § 323(a) (West 2011) ("The trustee in a case under this title is the representative of the estate"); 11 U.S.C.A. § 704(a)(1) (West 2011) ("The trustee shall . . . collect and reduce to money the property of the estate . . . as expeditiously as is compatible *with the best interests of parties in interest* "). Consequently, parties in interest other than such bankruptcy trustee—such as, for instance, an individual creditor—may only pursue such actions in limited circumstances. *See* 6 *Collier on Bankruptcy*, ¶ 704.02[3] at 704–12. In particular,

[t]he court may permit a creditor or a committee to act when [ (a) ] the trustee unjustifiably refuses a demand to pursue an action, [ (b) ] the creditor establishes a colorable claim or cause of action, and [ (c) ] the creditor seeks and obtains leave from the bankruptcy court to pros-

ecute the action for and in the name of the trustee.

*Id.* (citing numerous cases to such effect at footnote 27 therein). Amicone cannot satisfy either the first or the third of the three requirements set forth above for pursuing on her own the instant fee disgorgement motion. In particular, the Trustee has not unjustifiably refused to seek the disgorgement by Lautner of the Fee Award. Instead, the Trustee initially sought a partial disgorgement by Lautner of the Fee Award. Subsequent to his own investigation, the Trustee then ascertained that the Fee Award was appropriate as having been so ordered by Judge McCullough. Only then did the Trustee refuse to pursue further any sort of disgorgement by Lautner of the Fee Award. Such refusal, under those particular circumstances, is justified. Furthermore, because the Trustee is the entity who is vested with the authority to make the decision whether such a motion should be brought, and the Trustee has justifiably chosen not to do so, the Court will not entertain further the subject of such disgorgement of fees. Amicone also has glaringly brought her Motion for Disgorgement of Fees without first seeking and then obtaining leave from this Court to prosecute such contested matter in the name of the Trustee. Therefore, Amicone lacks standing to bring her Motion for Disgorgement of Fees.

For all of the foregoing reasons, the Court must deny with prejudice Amicone's Motion for Disgorgement of Fees.

## II.

■ Amicone filed her Application for Fees and Costs in response to an Order of Court dated June 24, 2010, that was issued by Judge McCullough (hereafter "the June 24, 2010 Order of Court"). The June 24, 2010 Order of Court, *inter alia,* ordered the Debtors to dismiss or withdraw from the pending Pennsylvania state court docket a pre-petition action of the Debtors that they had continued to prosecute post-petition despite the fact that such action neither had, as of such date, been abandoned by the Trustee nor has yet been officially so abandoned. Such action was filed against, among others, Amicone, and alleged that she had committed malpractice in representing the Debtors on yet another pre-petition state court action (hereafter "the Malpractice Action").

The June 24, 2010 Order of Court was entered by Judge McCullough so as to dispose of a motion that had been brought by Amicone for the very purpose of obtaining this Court's order directing the Debtors to dismiss or withdraw the Malpractice Action from the state court docket, which motion was predicated solely on the ground that such action had not yet been abandoned by the Trustee (hereafter "the Action Withdrawal Motion"). Noteworthy is the fact that the Trustee had notified Lautner (on behalf of the Debtors) in writing, just ten days prior to when Amicone filed the Action Withdrawal Motion, that Lautner and the Debtors would need to (a) so withdraw the Malpractice Action, and (b) subsequently provide the Trustee with documentation of their compliance with his demand.

The June 24, 2010 Order of Court, in addition to ordering the Debtors to so withdraw the Malpractice Action, ordered the Debtors and/or Lautner to pay to Amicone all costs associated with the Action Withdrawal Motion, including Amicone's reasonable attorney fees. Amicone's Application for Fees and Costs sets forth what she contends constitute such costs and attorney fees. Pursuant to such application, Amicone seeks the payment of costs and fees totalling $3,490.25.

At the outset of resolving Amicone's Application for Fees and Costs, the Court draws two significant conclusions that ultimately compel the Court's decision to deny such application. First, Amicone lacked standing to bring the Action Withdrawal Motion for the very same reason that she also lacks standing to bring her Motion for Disgorgement of Fees. More particularly, Amicone lacked such standing because it was decidedly the Trustee's exclusive responsibility to ensure, for the benefit of the instant bankruptcy estate, that the Debtors did not continue to pursue post-petition the prosecution of a lawsuit that comprises part of such estate until the Trustee finally chooses to abandon such lawsuit. As set forth above, Amicone could not have undertaken to perform such responsibility of the Trustee until, *inter alia*, the Trustee unjustifiably refused to act, and she ·then sought and obtained leave from this Court to satisfy such responsibility on behalf of the Trustee. Unfortunately for Amicone, the Trustee, as set forth above, acted appropriately to protect the instant bankruptcy estate just ten days before Amicone filed her Action Withdrawal Motion. Furthermore, Amicone neither sought nor obtained the appropriate leave from this Court before she filed such motion. Therefore, she lacked standing to bring such motion.

Second, because the Trustee, as set forth above, took the appropriate measure to protect the instant bankruptcy estate by notifying Lautner that he and the Debtors needed to withdraw the Malpractice Action from the state court docket, Amicone's filing of the Action Withdrawal Motion was needless. Because her bringing of such motion was needless, it failed to provide any benefit whatsoever to the instant bankruptcy estate.

Because Amicone lacked standing to bring the Action Withdrawal Motion, and since such motion was needless and, thus, failed to benefit the instant bankruptcy estate, the Court cannot, in good conscience, grant any portion of Amicone's Application for Fees and Costs. The Court so rules notwithstanding Judge McCullough's directive of June 24, 2010, that Amicone be compensated for the bringing of her Action Withdrawal Motion. The Court is free to rule as it does because that part of the June 24, 2010 Order of Court that is devoted to the grant of costs and fees to Amicone is interlocutory given that such order lacked a determination as to the amount of such costs and fees. *See* 15B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure Jurisdiction* § 3915.2 (2nd ed. 2011) (citing numerous cases at footnote 8 for the proposition that "an award of attorney fees or sanctions is not final until the amount of the award has been determined"). Because of the interlocutory nature of such cost/fee award to Amicone, this Court may revise the same at any time before a final judgment is entered regarding the same. *See* Fed. R.Civ.P. 54(b), 28 U.S.C.A. (West 2011) (second sentence).[4] The Court holds furthermore that its right to so revise is not affected by an application of the law of the case doctrine to the instant matter. *See* 18B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure Jurisdiction* § 4478.1 (2nd ed. 2011) (pointing out that the law of the case doctrine does not prevent a trial court from reconsidering its own interlocutory rulings or the interlocutory rulings of a predecessor judge); *Schultz v. Onan Corp.*, 737 F.2d 339, 345 (3rd Cir.1984) ("And we bear in mind, as the Supreme

4. Fed. R.Civ.P. 54(b) is made applicable to the instant matter pursuant to Fed. R.Bankr.P. 7054(a) and ·Fed. R. Bankr.P. 9014(c).

Court has noted, that '[l]aw of the case directs a court's discretion, it does not limit the tribunal's power;'" also noting that an exception to the law of the case doctrine applies if a prior decision is clearly erroneous and would work a manifest injustice, which exception this Court holds, for the reasons set forth above, would frankly apply with respect to the June 24, 2010 cost/fee award to Amicone).

For all of the foregoing reasons, the Court must deny with prejudice Amicone's Application for Fees and Costs.