FILED
United States Court of Appeals
Tenth Circuit

**October 1, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

DAVID ANGEL SIFUENTES, III,

     Plaintiff - Appellant,

v.

CAPITAL ONE,

     Defendant - Appellee.

No. 24-4034
(D.C. No. 2:22-CV-00190-JCB)
(D. Utah)

_____

### ORDER AND JUDGMENT*
_____

Before **HOLMES**, Chief Judge, **MORITZ**, and **CARSON**, Circuit Judges.
_____

David Angel Sifuentes, III, pro se, appeals the district court's order denying a

motion to vacate the judgment in his civil case.  We have jurisdiction under

28 U.S.C. § 1291, and we affirm.

## I.     BACKGROUND & PROCEDURAL HISTORY

Sifuentes began this action in March 2022 in the United States District Court

for the District of Utah, filing a pro se complaint against Capital One because Capital

---

     * After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

One had allegedly prescreened him for a credit offer and then denied his ensuing application, thus affecting his credit score.  Sifuentes claimed Capital One violated the Fair Credit Reporting Act.

Because Sifuentes was proceeding in forma pauperis, the district court screened his complaint.  *See* 28 U.S.C. § 1915(e)(2)(B).  The court found the complaint substantively deficient and also questioned whether the District of Utah was the appropriate venue, but gave Sifuentes an opportunity to amend.

Sifuentes took that opportunity and amended his complaint to add claims under other federal consumer-protection statutes as well as under Michigan law (Sifuentes listed a Michigan address under his signature).  He further alleged that jurisdiction was proper in the District of Utah because Capital One maintains a business address there.

The district court screened the amended complaint.  It determined that all of Sifuentes's federal causes of action failed to state a claim and further opportunity to amend would be futile.  The district court therefore dismissed the federal claims with prejudice.  And, having dismissed the federal claims, it chose not to exercise supplemental jurisdiction over the state-law claims, so it dismissed those without prejudice.

Sifuentes appealed to this court.  He argued that the district court should not have dismissed his state-law claims without deciding whether it could exercise jurisdiction over them under 28 U.S.C. § 1332(a)(1), *i.e.*, diversity jurisdiction.  We held that his amended complaint could not have established diversity jurisdiction

2

because, among other reasons, he did not allege his residence (simply listing a Michigan address was not enough) and he did not allege Capital One's place of incorporation and principal place of business. *See Sifuentes v. Capital One*, No. 23-4088, 2023 WL 6060382, at *3 (10th Cir. Sept. 18, 2023). We therefore affirmed. *Id.* at *4.

Back in the district court, Sifuentes filed a motion to vacate the judgment. He asserted that Capital One has its principal place of business in Virginia and he is a citizen of Michigan. Given that, he believed the district court "had no jurisdiction to enter judgment in this case." R. at 96.

The district court denied the motion, explaining that it had original jurisdiction over the federal statutory claims. *See* 28 U.S.C. § 1331. Therefore, it had jurisdiction to enter judgment.

Sifuentes now appeals from the district court's order denying his motion to vacate the judgment.

## II. STANDARD OF REVIEW

The district court treated Sifuentes's motion as brought under Federal Rule of Civil Procedure 60(b)(4), which allows the district court to relieve a party from judgment if "the judgment is void." "We review de novo the district court's ruling on a Rule 60(b)(4) motion." *United States v. Buck*, 281 F.3d 1336, 1344 (10th Cir. 2002).

## III.    ANALYSIS

Sifuentes argues the district court lacked jurisdiction over the entire case. He is incorrect. As the district court stated, § 1331 gave it original jurisdiction over Sifuentes's federal claims, such as his claim under the Fair Credit Reporting Act. The court could therefore enter final judgment on the merits of the federal claims. As for Sifuentes's state-law claims—over which original jurisdiction was never established—the district court did not enter final judgment on the merits. Rather, it dismissed those claims without prejudice. There was no error.

Almost three months after filing his appellate brief, Sifuentes submitted a supplemental brief to this court arguing that the § 1915(e)(2) screening process is unconstitutional and that applying it in his case was also contrary to the statute's terms. Sifuentes did not request permission to file this brief. Regardless, our review of the record shows he did not raise these arguments before the district court. We therefore choose not to address them. *See Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1284 (10th Cir. 2013) ("Arguments that were not raised [in the district court] are waived for purposes of appeal." (internal quotation marks omitted)).

## IV.    CONCLUSION

We affirm the district court's denial of relief from judgment.

Entered for the Court


Nancy L. Moritz
Circuit Judge

4