**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**February 6, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

DAVID ANGEL SIFUENTES, III,

Plaintiff - Appellant,

v.

CAPITAL ONE,

Defendant - Appellee.

No. 25-4123
(D.C. No. 2:22-CV-00190-JCB)
(D. Utah)

_____

**ORDER AND JUDGMENT\***
_____

Before **FEDERICO**, **BALDOCK**, and **MURPHY**, Circuit Judges.
_____

David Angel Sifuentes, III appeals pro se from the district court's order denying his fourth motion for relief from judgment in his civil case. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

\* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

**I**

This matter dates to March 2022, when Sifuentes filed his Complaint in the District of Utah. He alleged that Capital One had prescreened him for a credit offer and then relied on inaccurate information to ultimately deny his application, which caused his credit score to decrease. He additionally alleged that the denial of credit caused him to become "very mad, embarrassed and very upset." He argued these facts constituted intentional infliction of emotional distress as well as a violation of the Fair Credit Reporting Act (FCRA).

The district court clerk's office assigned Sifuentes' Complaint to a magistrate judge and directed Sifuentes to inform the court within 28 days whether he consented to magistrate jurisdiction. Sifuentes filed a motion to appoint counsel, which the court denied. He did not, however, timely consent to magistrate jurisdiction. The case was thus reassigned to a district judge, with referral to a magistrate judge under 28 U.S.C. § 636(b)(1)(B).

Exercising referral jurisdiction, the magistrate judge screened the Complaint consistent with 28 U.S.C. § 1915(e)(2)(B). The magistrate judge found that Sifuentes had failed to state a claim under either of the causes of action in his Complaint. He also found that Sifuentes had not pleaded facts sufficient to establish venue. He did not consider dismissal or transfer

on that basis. Instead, he granted leave for Sifuentes to file an amended complaint. The magistrate judge warned that failure to remedy the identified pleading deficiencies would result in a recommendation of dismissal.

About a month later, Sifuentes moved to file an out-of-time consent to magistrate jurisdiction. He also requested an extension of time to file an amended complaint. The court granted both his requests and reassigned the case to a magistrate judge. Sifuentes then filed his Amended Complaint consistent with the extended deadline. The Amended Complaint brought eight claims: for violations of the FCRA, Federal Trade Commission Act, Equal Credit Opportunity Act, Telephone Consumer Protection Act, Gramm-Leach-Bliley Act, and Michigan Consumer Protection Act, as well as for negligent and intentional infliction of emotional distress.

The magistrate judge – now exercising full jurisdiction over the case pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Sifuentes' consent – found the Amended Complaint had failed to properly state a federal claim. He concluded that leave for further amendment would prove futile. He dismissed the federal claims with prejudice and, declining to exercise supplemental jurisdiction, dismissed the state law claims without prejudice.

Sifuentes then filed a multitudinous series of papers attempting to unmoor the court's holdings. He appealed the order dismissing his Amended Complaint, arguing that the district court could not have dismissed his state law claims without deciding whether he had diversity jurisdiction. This court concluded that his Amended Complaint did not plead sufficient facts to establish diversity jurisdiction and affirmed the dismissal. *Sifuentes v. Capital One*, No. 23-4088, 2023 WL 6060382 (10th Cir. Sept. 18, 2023). He then filed three successive motions in the district court for relief from judgment. The court denied these motions. He appealed the order denying the second such motion to the Tenth Circuit. This court found his arguments had not been preserved and affirmed the district court. *See Sifuentes v. Capital One*, No. 24-4034, 2024 WL 4362257 (10th Cir. Oct. 1, 2024).

Sifuentes filed yet another motion in the district court, this time to withdraw his consent to magistrate jurisdiction and to vacate the judgment because the dismissal of his Amended Complaint violated his rights to jury trial and equal protection. The district court construed this fourth post-judgment motion as a motion to reconsider its prior denials of relief from judgment. It issued a memorandum order on September 26, 2025, holding as follows:

> As the court has explained to Mr. Sifuentes on two prior occasions, the arguments [in] his current motion could have been raised in his first motion for relief from judgment but were

4

not. Thus, his current motion is an inappropriate vehicle to raise those arguments. Therefore, the court DENIES Mr. Sifuentes's motion for relief from judgment under Rule 60(b). As a final matter, the court notifies Mr. Sifuentes that if he files any additional meritless motions in this case, the court will consider imposing filing restrictions upon him.

R. at 132.

The present appeal arises from the September 26 order. Sifuentes purports to present three issues in this appeal. First, he argues that the magistrate judge did not have "subject-matter jurisdiction" to decide his motion, which he characterizes on appeal as an attempt to "vacate the reference of the case" to the magistrate judge. Op. Br. at 3. Second, he argues that the September 26 order is void *ab initio* because it was entered without jurisdiction. And, third, he argues that the magistrate judge erred by construing his "jurisdictional motion" as a successive motion for reconsideration.

## II

We review de novo the district court's ruling on a Rule 60 motion. *United States v. Buck*, 281 F.3d 1336, 1344 (10th Cir. 2002). Because he appeals pro se, we hold him to a "less stringent standard" than represented parties. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). We will not, however, "assume the role of [his] advocate." *Id.*

5

We begin with Sifuentes' first argument on appeal. Sifuentes argues that the magistrate judge was not authorized by statute to determine his own jurisdiction. But Sifuentes' argument is founded on apparently fabricated authorities. A search of legal databases indicates that the U.S. District Court for the District of Columbia did not decide a case in 2008 called "In re Search of a Nextel Cellular Telephone." *Contra* Op. Br. at 3. The citation to the federal reporter supplied by Sifuentes retrieves a case of a different name that does not contain the legal proposition for which it is cited. Additionally, Sifuentes purports to quote from *Sinclair v. Wainwright*, 814 F.2d 1516 (11th Cir. 1987). *See* Op. Br. at 4. But the language from Sifuentes' brief appears nowhere in *Sinclair*. He does no better with statutory authority. 28 U.S.C. § 636(c)(4) states that "[t]he court" – not the district judge, as Sifuentes claims – may "vacate a reference of a civil matter to a magistrate judge."[1]

It is axiomatic that "[a]n appellant must support his arguments with legal authority." *Davison v. Comm'r*, No. 24-9000, 2025 WL 827693, at *3 (10th Cir. Mar. 17, 2025) (citing *United States v. Banks*, 451 F.3d 721, 728

---

[1] We do not rule out the possibility that other authority might support Sifuentes' argument. But Sifuentes has not cited such authority. Based on the arguments and authority that Sifuentes puts before us, we find no merit to Sifuentes' contention that magistrate judges lack the power to rule on motions to withdraw consent.

(10th Cir. 2006)). But those authorities must actually exist and support the propositions for which they are cited. When a party relies on nonexistent cases or cites to actual cases that do not stand for the propositions asserted, that party has failed to abide by Federal Rule of Appellate Procedure 28(a)(8)(A). *See* Order to Show Cause, *Amarsingh v. Frontier Airlines, Inc.*, No. 24-1391, slip op. at 8 (10th Cir. Sept. 5, 2025). Neither status as a pro se litigant nor the use of generative artificial intelligence excuses violations of this rule. *Id.*; *see Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) (stating Rule 28 "applies equally to pro se litigants" (citation omitted)). Even if Sifuentes had made a colorable legal argument – and he has not – this would be sufficient grounds to dismiss his case. *Moore v. City of Del City*, No. 25-6002, 2025 WL 3471341, at *3 (10th Cir. Dec. 3, 2025).

Sifuentes' second issue presented, like the first, is premised on a theory that the magistrate judge did not have statutory authority to hear the case. So, for the reasons explained above, the second argument also fails.

Sifuentes' third issue presented is no more meritorious than the first two. He argues that the district court did not reach the merits because it had incorrectly construed the motion as arising under Rule 60 rather than 28 U.S.C. § 636(c)(4). But Sifuentes is mistaken. Section 636(c)(4) does not

7

create a procedural mechanism to unseat a final judgment. Thus, Sifuentes' argument must be brought under the mechanism provided by Rule 60. The court correctly declined to reach the merits. But Sifuentes' motion would have failed on the merits anyway.

On the merits, Sifuentes' argument is that the magistrate judge should have allowed Sifuentes to withdraw consent due to "extraordinary circumstances." *See* Op. Br. at 4. There is nothing extraordinary about Sifuentes' circumstances. He consented to the magistrate judge's jurisdiction. The magistrate judge found his complaint lacking. Sifuentes' amendments did not cure the problems with the pleadings. And now, having lost several times over, Sifuentes regrets the decisions that brought him here. These are entirely ordinary circumstances. As the magistrate judge rightly determined, the arguments that Sifuentes makes now could – and should – have been raised in prior briefing.

Finally, we address Sifuentes' stray argument that the district court's "threat" of filing restrictions was an abuse of discretion. Op. Br. at 6. It was not. For one, the district court did not take any action that we can review on appeal. More to the point, Sifuentes has spent years attempting to revive non-meritorious claims with frivolous theories of law. The district court was right to warn Sifuentes that further meritless motions may result in filing restrictions.

AFFIRMED.

Entered for the Court


Richard E.N. Federico
Circuit Judge